John W. STOKES, Willard E. Strain and Temple Cloer, Plaintiffs,

v.

Ben W. FORTSON, Jr., as Secretary of State of the State of Georgia, Defendant.

Civ. A. No. 9069.

United States District Court
N. D. Georgia.

Sept. 29, 1964.

Glenville Haldi, Peek, Whaley & Black-burn, Atlanta, Ga., and E. Ralph Ivey, Rome, Ga., for plaintiffs.

Eugene Cook, Atty. Gen., Paul Rodg-ers, Asst. Atty. Gen., Atlanta, Ga., for defendant.

Before BELL, Circuit Judge, and HOOPER and MORGAN, District Judg-es.

PER CURIAM.

■ Plaintiffs are residents and elec-tors of the counties constituting the Con-asauga Judicial Circuit of Georgia. In addition, Mr. Stokes is the nominee of the Republican Party for the office of Solicitor General of that circuit, and will stand for election in the November 1964 general election against the nominee of the Democratic Party of Georgia. Juris-diction is based on Title 28 U.S.C.A. § 1343(3). Declaratory and further relief is sought under Title 28 U.S.C.A. §§ 2201 and 2202. Disposition by the designated three-judge district court is proper in that plaintiffs seek to restrain state offi-cers from complying with the provisions of the state Constitution and state stat-utes. Title 28 U.S.C.A. §§ 2281 and 2284.

■ The facts necessary to a decision are undisputed, and we hold that plain-tiffs have standing to maintain the suit and that a justiciable issue is presented. Baker v. Carr, 1962, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663; Gray v. San-ders, 1963, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821; Wesberry v. Sanders, 1964, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481; Reynolds v. Sims, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, and related decisions.

■ The long and short of the com-plaint is that the Georgia law permits candidates for the offices of judge and solicitor general of the superior courts to be nominated from the respective ju-dicial circuits but requires election on a statewide basis. Plaintiffs complain that in the general election the choice of the voters of the circuit may be overriden by the state electorate. They contend that this state of affairs constitutes a viola-tion of the equal protection clause of the Fourteenth Amendment.

The statutory scheme here under at-tack is as follows. With respect to su-perior court judges, the Georgia Consti-tution of 1945, Art. VI, § III, paras. I and II (Code §§ 2–3801 and 2–3802) provides in pertinent part:

"There shall be a judge of the Su-perior Courts for each judicial cir-cuit, whose term of office shall be for four years, and until his succes-sor is qualified. He may act in oth-er circuits when authorized by law. * * *

"The successors to the present and subsequent incumbents shall be elect-ted by the electors of the whole State entitled to vote for members of the General Assembly, * * *."

The statutory embodiment of these con-stitutional provisions will be found in Code §§ 24–2601 and 24–2602. A similar

constitutional provision, Art. VI, § XI, para. I (Code § 2–4601), governs selection of solicitors general:

> "There shall be a solicitor general for each judicial circuit, whose official term (except to fill a vacancy) shall be four years. The successors of present and subsequent incumbents shall be elected by the electors of the whole State, qualified to vote for members of the General Assembly, * * *."

Code §§ 24–2608 and 24–2901 require that the judge and solicitor general reside in their respective circuits. The Georgia Election Code, approved June 24, 1964, for the first time gives statutory recognition to a long-standing practice whereby judges and solicitors general are nominated circuitwide although elected statewide. See Georgia Code §§ 34–1007(a) and 34–1010(b). In sum then, the selection process applicable to each of these offices is nomination of residents from the circuit, with the nominees to be elected on a statewide basis.

The plaintiffs argue that in permitting a system whereby the majority choice of the circuit may be overridden by the voters in the state at large, Georgia has violated the one man-one vote principle recently announced by the Supreme Court. See Baker v. Carr, Gray v. Sanders, Wesberry v. Sanders, Reynolds v. Sims, all supra. They further state that the essence of representative government is the choosing of a representative by those he represents, citing Toombs v. Fortson, N.D.Ga., 1962, 205 F.Supp. 248, a case involving state legislative representation.

In the first place, we are unable to discern any discrimination among voters or unequal weighting of votes of the sort condemned by the one man-one vote principle. Indeed, plaintiffs concede that there is no discrimination in either the nomination process or the election process considered separately. The vote of each person in the statewide election is equal; the electors of every judicial circuit are permitted to vote for the nominees from every judicial circuit. Also, the vote of each person in the judicial circuit is equal in the nominating process.[1] Since every man's vote counts the same, the fact that the statewide electorate may override the choice of the circuit in no way offends the principles of Baker v. Carr and its progeny. See Alsup v. Mayhall, S.D.Ala., 1962, 208 F. Supp. 713.

■ Secondly, even assuming some disparity in voting power, the one man-one vote doctrine, applicable as it now is to selection of legislative and excutive officials, does not extend to the judiciary. Manifestly, judges and prosecutors are not representatives in the same sense as are legislators or the executive. Their function is to administer the law, not to espouse the cause of a particular constituency. Moreover there is no way to harmonize selection of these officials on a pure population standard with the diversity in type and number of cases which will arise in various localities, or with the varying abilities of judges and prosecutors to dispatch the business of the courts. An effort to apply a population standard to the judiciary would, in the end, fall of its own weight.

■■ Approaching the matter from another standpoint, it has long been settled that states may enact laws which affect some groups of citizens differently from others if the classification rests upon any reasonable basis as distinguished from being essentially arbitrary. In McGowan v. Maryland, 1961, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393, the Supreme Court stated the principle as follows:

> "Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the

---

1. Plaintiffs do not contend that judges and solicitors general must be nominated from circuits apportioned equally according to population.

classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

Again assuming, but expressly not deciding, that there is some constitutional inequality in a system whereby the preference of the circuit majority for judges and solicitors is subject to being overruled by the voters in the state at large, we nevertheless feel that this system is a rational one, designed to achieve legitimate state objectives.

Prior to 1898 all superior court judges and solicitors general were elected by the General Assembly of Georgia. In that year a constitutional amendment was adopted providing for statewide election, and the present practice of nomination on a circuit basis was thereafter commenced. This accords a voice to the residents of the circuit in the selection process commensurate with the fact that most of the service of the judge and solicitor would be in that circuit. On the other hand, it accords a choice to the entire state in keeping with the interest of the state in the offices.

The authority of the judge is statewide in scope. Georgia Code § 24–2613. He serves in other judicial circuits upon being designated. Georgia Code §§ 24–2610 and 24–2611; and upon designation on the Georgia Court of Appeals and the Georgia Supreme Court, Georgia Const. Art. VI, § III, Pars. II & VIII (Code §§ 2–3702, 2–3708, 24–3627, 24–4007, 24–4008, and 24–4531). The same is true with respect to the office of solicitor general, although the state interest is not as broad in scope. The solicitor general is subject to assignment to other circuits. Georgia Code §§ 24–2913 and 24–2921. Perhaps of controlling import is the interest of the state in the uniform application of the laws. Moreover, the greater portion of the salaries of judges are paid by the state, as are a part of the salaries of solicitors general. Georgia Code §§ 24–2606, 24–2606.1, 24–2606.2, 24–2612, 24–2604a, 24–2904, 24–2906, 24–2910, 24–2904a, and 24–2913a.

All in all, there is no showing that the system here challenged is arbitrary or unreasonable; on the contrary, the system seems designed to afford proper recognition to the interests of all.

 Plaintiffs also argue that the system in use in some manner deprives them and others similarly situated of a republican form of government. Aside from the lack of factual basis for this assertion, it is rejected for the further reason that this court has no jurisdiction over such a question. See Baker v. Carr, supra, where it was expressly held that such questions are left to the Congress.

No merit appearing in the complaint, it is accordingly dismissed, and a judgment may be presented to that end.