Maria **DE KOSENKO**, individually, and on behalf of all other persons similarly situated, Plaintiff,

v.

The **STATE OF NEW YORK** and State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Defendants.

No. 69–C–4297.

United States District Court,
S. D. New York.

Dec. 23, 1969.

Bradley B. Davis, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for defendants; by George D. Zuckerman, Asst. Atty. Gen., Stephen P. Seligman, Deputy Asst. Atty. Gen., Lloyd G. Milliken, Asst. Atty. Gen., of counsel.

CROAKE, District Judge.

### MEMORANDUM

In this action, the plaintiff, a resident of the City, County and State of New York, seeks judgment against the named defendants declaring that the current court calendar situation in New York County is depriving her of due process of law, equal protection of the law, and punishing her for exercising her right to demand a jury trial, all in violation of her rights under Amendments VII and XIV to the United States Constitution, and directly ordering defendants to so correct the situation as to not deprive the plaintiff of such rights, in default whereof this Court shall so correct such situation. She claims to invoke jurisdiction of this court pursuant to Title 28 U.S.C. § 1343. She further claims as the basis of the action that she commenced an action in February 1967 in the Supreme Court of the State of New York, County of New York, and that that action was ready for trial by all parties in December 1968. She claims that there is a 29 month delay in the General Jury Calendar in New York County. She further contends that the action should be permitted to stand as a class action, as well as on behalf of herself individually, because the class similarly situated is so numerous that joinder of all members is impracticable. Paragraph 9 of the complaint reads: "Trial by a three-judge constitutional court is demanded."

This matter is before the Court on a motion of the Attorney General of the State of New York as attorney for the defendants for an order dismissing the complaint against each of the defendants pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that this Court lacks jurisdiction over the subject matter of the action, that the Court lacks jurisdiction over the State of New York which has been named as a defendant, that the complaint fails to state a claim upon which relief can be granted, and that the complaint fails to join indispensable persons as defendants.

It is necessary to deal first with the demand for a three-judge court.* The attention of the judges of this Court has been directed to the settled principle that when a demand is made under 28 U.S.C. § 2281 for the convening of a three-judge court, the single judge is entitled to dismiss the complaint if the claim of unconstitutionality is "plainly unsubstantial," either because it is "obviously without merit" or has been rejected by previous decisions. Swift & Co., Inc. v. Wickham, 382 U.S. 111, 114–115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). 28 U.S.C. § 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement,

---

* Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962).

operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefore is heard and determined by a district court of three judges under section 2283 of this title."

■ The complaint in this action does not seek an injunction restraining the enforcement, operation or execution of a State statute, and it does not ask that any State law be declared unconstitutional. Reading the statute appears to give ample reason for the single judge to interpret the motion addressed to the complaint under the rules. There appears to be no substantial federal question presented. Ex parte Poresky, 290 U.S. 30, 31, 54 S.Ct. 3, 78 L.Ed. 152 (1933). Incidentally, it is not suggested in just what manner this Court could correct the situation of which the plaintiff complains. This has persuaded us that the claim of unconstitutionality is "plainly insubstantial" and without merit, and that the demand for an appointment of a statutory three-judge court should be denied.

■ The plaintiff argues that she has been denied the right to a speedy trial and therefore has been discriminated against because she has demanded a jury trial, all in violation of her right to due process of law. The State of New York has not waived immunity in this matter.

"It has been established since Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842, that a state is immune from federal court suits brought by its own citizens as well as by citizens of another state. This immunity is not affected by the fact that the case may be one arising under the Constitution or laws of the United States. Parden et al. v. Terminal Railway of Alabama State Docks Dept. et al., 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed. 2d 233; Skokomish Indian Tribe v. France, 9 Cir., 269 F.2d 555, 560. A state may waive such immunity. State of Missouri et al. v. Fiske et al., 290 U.S. 18, 24, 54 S.Ct. 18, 78 L.Ed. 145. There is nothing in the record before us, however, to indicate that the State of Washington waived its immunity from this kind of suit, or this particular suit, in federal court." Clark v. State of Washington, 366 F. 2d 678, 680 (9th Cir. 1966).

■■ As the suit is not based on diversity of citizenship, the allegations in the complaint must present a substantial federal question. Otherwise, it must be dismissed for lack of jurisdiction over the subject matter. Powell v. Workmen's Compensation Board of State of New York, 327 F.2d 131, 138 (2d Cir. 1964). Even if this Court could entertain jurisdiction over this action and endeavor to solve the problems of delay in the State courts, "the lack of judicially discoverable and manageable standards for resolving it," as well as "respect due coordinated branches of government," is why the complaint does not seem to be appropriate for a resolution by this Court. See Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The problem presented by this complaint has been dealt with before in this District in a comprehensive and detailed opinion by Judge Tenney in New York State Association of Trial Lawyers v. Rockefeller, 267 F.Supp. 148, 151 (S.D. N.Y.1967). In that action, the Bar Association and four named individuals whose personal injury suits pending in the New York Supreme Court sought declaratory and injunctive relief as in this case, to eliminate court delay in the Supreme Court and several counties of the State of New York. The complaint was dismissed in that action, the Court stating:

"In this case, plaintiffs' entire claim rests on the assumption that there is a federally protected right to have state court judges apportioned

among judicial districts and counties in such manner as to prevent any greater delay in the adjudication of cases in one area or political subdivision of the state than another. Not only is there a total absence of authority for the existence of any such right, but the assumption upon which it rests is directly contrary to basic principles of federalism and separation of powers."

It was further held that the federal court not entertain jurisdiction over the action and it was further noted at page 150 n. 1:

"As will be made clear herein, the so-called 'right' to equal processing of court calendars referred to in the complaint does not arise under the Constitution or laws of the United States so as to confer jurisdiction under 28 U.S.C. §§ 1331(a) or 1343(3). * * * Nor does the 'right' to equal processing of court calendars constitute a 'civil right' within the meaning of 42 U.S.C. §§ 1981, 1983 or 1988. * * *"

In the Eastern District in 1967, a three-judge court was convened in the matter of Kail v. Rockefeller, 275 F. Supp. 937 (E.D.N.Y.1967). In that action certain litigants with cases pending in Queens County Supreme Court sought an order in the federal court seeking to eliminate court delay in that county, and seeking an appointment of at least eight additional Supreme Court Justices for Queens County. In that action, the plaintiffs claimed that they were being deprived of rights protected by the 7th and 14th amendments of the United States Constitution and by § 1343 of Title 28 of the United States Code. Circuit Judge Moore writing for a unanimous three-judge court stated at page 940:

"Undue delay in bringing cases to trial is, of course, a matter of deep concern to Bench and Bar alike. The expression so frequently used and more frequently misunderstood 'justice delayed is justice denied' fails to take into consideration the heavy concentration of tort cases in the areas of greatest delays, the time (months and years) apparently required to seek insurance company adjustment, the ultimate institution of suit, the countless mutual adjournments for pleadings and other pre-trial procedures, all a part of the strategy adopted by both sides to obtain the best possible settlement, ending only with the frequently traumatic (to counsel) experience of being actually called for trial. These real life situations are not mentioned to indicate any lack of need for greater judicial manpower but only as a preamble to the only issue now before us, namely; can or should a federal court be so presumptuous not only to advise but to direct the legislators of the State of New York and its Executive Officers how to manage the State's judicial affairs."

The Court in *Kail* further stated (p. 942):

"Plaintiffs claim that they are denied the equal protection of the law under the Fourteenth Amendment by reason of the lack of judges arising from an unequal population apportionment which in turn causes a delay in the trial of their cases far greater than and unequal to the delay in other judicial districts. A uniform timetable for the trial of all cases within the State is not required by the Fourteenth Amendment. In applying the guarantee of equal protection of the law, the Constitution does not demand that the law operate in the same manner upon all persons within the State (McGowan v. State of Maryland, 1961, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393) nor does it mandate territorial uniformity (Griffin v. County School Board of Prince Edward County, 1964, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256). * * *"

It should be noted that in 1968 the Legislature of the State of New York increased the number of judges and justices in various courts. See Chapter 987 of the Laws of New York (1968). The complaint does not state a cause of ac-

tion against the State Administrator of the Administrative Board of the Judicial Conference of the State of New York. This complaint has not joined many indispensable parties. If the only way to eliminate court delay in the court in which plaintiff has her action pending is to provide for more justices, certainly the only way this can be done is by legislative action. Many factors have to be considered were this to be done, as in the First Judicial District of the State of New York, the City of New York pays a portion of the compensation of the Supreme Court Justices (Judiciary Law, McKinney's Consol.Laws, c. 30, §§ 142, 144). Arriving at a disposition of the within motion, this Court adopts and includes the reasons set forth in the opinions in New York State Association of Trial Lawyers v. Rockefeller, *supra*; Kail v. Rockefeller, *supra*.

The motion for the convening of a statutory three-judge court is denied, and the complaint is dismissed.

So ordered.