Maria **DE KOSENKO**, individually, and on behalf of all other persons similarly situated, Plaintiff-Appellant,

v.

The **STATE OF NEW YORK** and State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Defendants-Appellees.

**No. 756, Docket 34505.**

United States Court of Appeals, Second Circuit.

Argued May 6, 1970.

Decided May 14, 1970.

---

Bradley B. Davis, New York City, for plaintiff-appellant.

Lloyd G. Milliken, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., George D. Zuckerman, New York City, on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, WATERMAN, Circuit Judge, and JAMESON, District Judge.*

PER CURIAM:

Alleging that she has a cause of action pending in the Supreme Court of the State of New York, County of New York, in which she has demanded a jury trial, and a delay of 29 months in the general jury calendar, plaintiff seeks a judgment declaring that the "current court calendar situation * * * is depriving plaintiff of due process of law, equal protection of the law and punishing her for exercising her right to demand a jury trial,[1] all in violation of her rights" under the Seventh and Fourteenth Amendments to the United States Constitution, and an order directing the defendants "to so correct the situation as to not deprive plaintiff of such rights."[2]

In the opinion below, 311 F.Supp. 126 (S.D.N.Y.1969), Judge Croake held that the case does not present a substantial federal question; that appellant has failed to join indispensable parties; and that there is no constitutional or statutory basis for action by the federal courts. Appellant's motion for convening a three-judge court was denied, and the complaint was dismissed. We affirm.

1. The delay in the nonjury calendar is 19 months.

2. Appellant does not suggest the specific manner in which the situation should be corrected. As the district court states, the only way it could be done is by legislative action. In view of our disposition of the case, however, it is unnecessary to reach the question of the form any remedy should take.