**Mrs. Betty WELLS**

v.

**The Governor of Louisiana, the Honorable Edwin EDWARDS, et al.**

**Civ. A. No. 72-200.**

United States District Court, M. D. Louisiana.

Aug. 16, 1972.

Charles F. Barbera, Metairie, La., for plaintiff.

William Guste, Atty. Gen. of Louisiana, Kenneth C. DeJean, Asst. Atty. Gen., Baton Rouge, La., for The Governor of Louisiana, The Honorable Edwin Edwards and others.

Thomas W. McFerrin, Baton Rouge, La., for the Democratic State Central Committee of Louisiana, defendant.

Jack N. Rogers, Baton Rouge, La., for the Republican State Central Committee of Louisiana, defendant.

Before AINSWORTH, Circuit Judge; and GORDON and WEST, District Judges.

### E. GORDON WEST, District Judge:

Plaintiff, a qualified and registered voter residing in the Parish of Jefferson, State of Louisiana, brings this suit seeking a reapportionment of the judicial districts from which the seven Justices of the Supreme Court of the State of Louisiana are elected. She seeks (1) an injunction enjoining the State from holding a scheduled election on August 19, 1972, (2) an order compelling the Legislature of the State of Louisiana to enact a plan of apportionment of judicial districts in accordance with the one-man, one-vote principle, and (3) an order re-scheduling the pending election for some date after either the Legislature or this Court reapportions the Supreme Court judicial districts. Plaintiff has also filed a motion for summary judgment contending that there are no material issues of fact involved insofar as the unequal population of the various judicial districts is concerned, and that therefore, according to the teachings of Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and its progeny, and particularly according to the principle enunciated in Hadley v. Junior College District, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970), she is entitled to a summary judgment as a matter of law. Defendants, who are state officials allegedly charged with the duty of executing the state laws pertaining to the election of Supreme Court Justices, had answered with motions for summary judgment and motions to dismiss for failure to state a claim upon which relief can be granted. Briefs and exhibits pertaining to population of the various judicial districts involved have been filed, and by agreement of counsel, the pending motions have been submitted to the Court, without oral argument, on the record as it now stands. After due consideration of the arguments of counsel as contained in their briefs, and after careful consideration of the applicable law, it is the opinion of the Court that plaintiff has failed to state a claim upon which relief can be granted and that defendants' motion for summary judgment should be granted, dismissing this suit.

While the exhibits submitted by the plaintiff indicate considerable deviation between the population of some of the judicial districts involved, we do not reach the question of whether or not the existence of such deviations would be fatal to the present plan of apportionment if the doctrine of one-man, one-vote were applied. We do not reach this question simply because we hold that the concept of one-man, one-vote apportionment does not apply to the judicial branch of the government. We are not unaware of the broad language of *Hadley,* supra, but are of the opinion that the exception which we make here was contemplated by the Court in *Hadley.* In the course of its opinion in *Hadley,* the Supreme Court said:

"It is of course possible that there might be some case in which a State

elects certain functionaries whose duties are so far removed from normal governmental activities * * * that a popular election in compliance with *Reynolds* [v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506], *supra,* might not be required, * * *." 90 S.Ct. 791, 795.

We think the election of Justices of the Supreme Court of Louisiana falls into that category. The precise holding of *Hadley* was:

"We therefore hold today that as a general rule, whenever a State or local government decides to select persons by popular election *to perform governmental functions,* the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials." 90 S.Ct. 791, 795. (Emphasis added.)

But in *Hadley,* as in every other case that we can find dealing with the question of apportionment, the "governmental functions" involved related to such things as making laws, levying and collecting taxes, issuing bonds, hiring and firing personnel, making contracts, collecting fees, operating schools, and generally managing and governing people. In other words, apportionment cases have always dealt with elected officials who performed legislative or executive type duties, and in no case has the one-man, one-vote principle been extended to the judiciary. On the contrary, several cases have specifically held that that principle does not apply to the judiciary. See Stokes v. Fortson, 234 F.Supp. 575 (N.D.Ga.1964); Buchanan v. Rhodes, 249 F.Supp. 860 (N.D.Ohio 1960), appeal dismissed, 385 U.S. 3, 87 S.Ct. 33, 7 L.Ed.2d 3; New York State Association of Trial Lawyers v. Rockefeller, 267 F.Supp. 148 (S.D.N.Y.1967); and Hols-

houser v. Scott, D.C., 335 F.Supp. 928 (1971).

In *Stokes,* supra, the Court pointed out that:

" * * * even assuming some disparity in voting power, the one man-one vote doctrine, applicable as it now is to selection of legislative and executive officials, does not extend to the judiciary. Manifestly, judges and prosecutors are not representatives in the same sense as are legislators or the executive. Their function is to administer the law, not to espouse the cause of a particular constituency." 234 F.Supp. 575, 577.

In the most recent case, Holshouser v. Scott, supra, the Court said:

"We hold that the one man, one vote rule does not apply to the state judiciary, and therefore a mere showing of a disparity among the voters or in the population figures of the district would not be sufficient to strike down this election procedure and these statutes. A showing of an arbitrary and capricious or invidious action or distinction between citizens and voters would be required. In other words, this Court must find that the State has not only distinguished between citizens and voters, but that such distinctions are arbitrary and capricious or invidious." 335 F.Supp. 928, 933.

We agree with the holding in *Holshouser* and conclude that to so hold does not do violence to Hadley v. Junior College District, supra. The primary purpose of one-man, one-vote apportionment is to make sure that each official member of an elected body speaks for approximately the same number of constituents. But as stated in Buchanan v. Rhodes, supra:

"Judges do not represent people, they serve people." Thus, the rationale behind the one-man, one-vote principle, which evolved out of efforts to preserve a truly representative form of government, is simply not relevant to the makeup of the judiciary.

"The State judiciary, unlike the legislature, is not the organ responsible for achieving representative government." New York State Association of Trial Lawyers v. Rockefeller, 267 F.Supp. 148, 153.

It should also be noted that the present apportionment of the Supreme Court districts in Louisiana is not a creature of the State Legislature, nor can the makeup of these districts be changed by the Legislature. These districts were created by Article VII, Sec. 9 of the Louisiana Constitution which was adopted by the people of Louisiana in 1921, and have remained unchanged since that time. They are not subject to change by the Legislature. Thus there is no claim being made here, nor could there be, that any of the defendants in this action have in any way acted arbitrarily or capriciously in establishing or maintaining these judicial districts in their present form.

For these reasons, the defendants' motions for summary judgment will be granted and this case will be dismissed as to all defendants.

Judgment will be entered accordingly.