Nathaniel BUCHANAN, etc., Plaintiffs,

v.

Honorable John J. GILLIGAN et al., Defendants.

No. C 65–159.

United States District Court, N. D. Ohio, E. D.

Oct. 11, 1972.

# 570

Richard M. Markus, Cleveland, Ohio, for plaintiffs.

William J. Brown, Atty. Gen., James A. Laurenson, Asst. Atty. Gen., Columbus, Ohio, for State defendants.

John L. Dowling, Asst. Pros. Atty., Cleveland, Ohio, for County defendants.

### MEMORANDUM OPINION AND ORDER

Before WEICK, Circuit Judge, BATTISTI, Chief District Judge, and THOMAS, District Judge.

BATTISTI, Chief District Judge.

The plaintiffs have moved that this Court declare Article IV, Section 4 of the Ohio Constitution and Section 2301.02 of the Ohio Revised Code to be unconstitutional as violative of the due process and equal protection clauses of the Fourteenth Amendment. The defendants have also moved for summary judgment for the reasons that the Court lacks jurisdiction over the subject, and the complaint fails to state a cause of action.

Article IV, Section 4 of the Ohio Constitution reads in part:

"There shall be a court of common pleas in each county of the state. Any judge of a court of common pleas may temporarily hold court in any county. Each county shall have at least one resident judge and such additional resident judges as may be provided by law."

Ohio Revised Code § 2301.02 is the legislative establishment of a court of com-

mon pleas in each of the State's eighty-eight counties. This section sets no formula for determining the number of judges to be assigned to each county.

## JURISDICTION

The defendants contend that the constitutional claim made by the plaintiffs is clearly insubstantial and, thus, this Court is without jurisdiction pursuant to 28 U.S.C. § 1343(3).

This question has been determined by the Court of Appeals for the Sixth Circuit. This case was originally dismissed for want of jurisdiction by the District Court. The Court of Appeals reversed and ordered the assemblage of this three-judge court. Buchanan v. Rhodes, 400 F.2d 882 (6th Cir. 1966). This position was reaffirmed by the Sixth Circuit Court of Appeals in Scott v. Hill, 449 F.2d 634 (6th Cir. 1971).

"In view of our decision in Buchanan v. Rhodes, 400 F.2d 882 (6th Cir. 1966) . . . we do believe that, in a proper case, this issue would present a substantial constitutional question warranting the convening of a three-judge District Court." 449 F.2d at 639.

Therefore, it is clear that this Court possesses the requisite jurisdiction necessary to hear this case pursuant to 28 U.S.C. § 1343(3), and the defendants' contentions to the contrary are wholly without merit.

## DENIAL OF EQUAL PROTECTION

The plaintiffs maintain that the teaching in the legislative reapportionment cases that each citizen should have an equal or nearly equal voice in choosing those who will sit in the legislative bodies of our government, federal, state and local, should apply equally to the Ohio judicial system in which judges are elected. Precisely this argument has been rejected in New York State Ass'n of Trial Lawyers v. Rockefeller, 267 F.

Supp. 148 (S.D.N.Y.1965); Kail v. Rockefeller, 275 F.Supp. 937 (E.D.N.Y. 1967); De Kosenko v. New York, 311 F.Supp. 126 (S.D.N.Y.1969); and Stokes v. Fortson, 234 F.Supp. 575 (N.D.Ga. 1964).

Stokes v. Fortson, *supra,* succinctly summarizes the defendant's position.

"Even assuming some disparity in voting power, the one man-one vote doctrine, applicable as it now is to selection of legislative and executive officials, does not extend to the judiciary. Manifestly, judges and prosecutors are not representatives in the same sense as are legislators or the executive. Their function is to administer the law, not to espouse the cause of a particular constituency. Moreover there is no way to harmonize selection of these officials on a pure population standard with the diversity in type and number of cases which will arise in various localities, or with the varying abilities of judges and prosecutors to dispatch the business of the courts. An effort to apply a population standard to the judiciary would, in the end, fall of its own weight." 234 F.Supp. 575 at 577.

The state judiciary is not responsible for achieving representative government, and that population is not the most relevant criterion for determining the distribution of state judges. There is no compelling reason to require that judges be equally distributed throughout the state. Certainly this is not true in the federal system. Legislatures, unlike the judiciary, are collectively responsive to the will of the people. The one man-one vote principle, therefore, cannot be applied to judicial elections.

Therefore, plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), F.R.Civ.P.

It is so ordered.