Cyril E. SAGAN, Plaintiff,

v.

COMMONWEALTH OF PENNSYLVA-
NIA, William R. Davis, Secretary of the
Commonwealth of Pennsylvania, Rich-
ard E. Anderson, Commissioner of Elec-
tions, Defendants.

Civ. A. No. 82–230.

United States District Court,
W. D. Pennsylvania.

July 7, 1982.

Cyril E. Sagan, pro se.

Marlene W. Jackson, Deputy Atty. Gen.,
Com. of Pa., Pittsburgh, Pa., for defend-
ants.

## OPINION

COHILL, District Judge.

Cyril E. Sagan, a *pro se* plaintiff, brought
this action against the Commonwealth of
Pennsylvania, the Secretary of the Com-
monwealth and the Commissioner of Elec-
tions seeking declaratory and injunctive re-
lief from the cross-filing provisions of sec-
tion 9 of the Pennsylvania Election Code, 25
Pa.Stat.Ann. § 2870 (Purdon Supp.1981).
That section permits candidates for judicial
office and school director to cross-file on
primary election ballots but denies cross-fil-
ing privileges to all other candidates.
Plaintiff alleges that various rights secured
to him by the equal protection clause of the
fourteenth amendment, the Civil Rights

Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1964, 42 U.S.C. § 2000d, have been violated because, as a candidate for the United States Senate, he was not permitted to cross-file in the May, 1982 primary elections. Plaintiff seeks, *inter alia*, to have this court declare section 9 of the Pennsylvania Election Code unconstitutional and direct that a new election be held at which time plaintiff would be permitted to cross-file. We now have before us defendants' motion to dismiss. After consideration of the parties' briefs and oral argument, and the relevant statutory and constitutional principles, we will grant defendants' motion.

The defendants assert two bases for their motion to dismiss. First, defendants argue that this court lacks subject matter jurisdiction over the instant action because the eleventh amendment to the United States Constitution bars citizen suits against a state. Second, defendants argue that plaintiff's complaint fails to state a claim upon which relief can be granted. We turn first to defendants' sovereign immunity argument because if the eleventh amendment bars suit we have no jurisdiction to determine whether plaintiff's complaint states a claim.

"Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). *See Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 56 L.Ed.2d 1114 (1978) (per curiam). By statute, Pennsylvania specifically has withheld such consent:

> Federal courts.—Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

42 Pa.Cons.Stat.Ann. § 8521(b) (Purdon Supp.1982). Therefore, we will dismiss plaintiff's complaint against the Commonwealth of Pennsylvania because we lack subject matter jurisdiction over the action.

The eleventh amendment does not, however, bar a suit seeking declaratory or injunctive relief against state officials acting in their official capacity. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). "When a state officer violates federal constitutional mandates, even when carrying out state policy, he is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.'" *Laskaris v. Thornburgh*, 661 F.2d at 26, *quoting Ex parte Young*, 209 U.S. at 160, 28 S.Ct. at 454. *See Spicer v. Hilton*, 618 F.2d 232 (3d Cir. 1980). For eleventh amendment purposes, the suit is against the officer as an individual, although his action is still "state action" for purposes of 42 U.S.C. § 1983 and the fourteenth amendment. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979); *Spicer v. Hilton*, 618 F.2d at 237. Thus, to the extent that plaintiff's complaint seeks prospective relief against state officials, we have the power to grant it. We turn, therefore, to the individual defendants' argument that plaintiff's complaint fails to state a claim upon which relief can be granted.

In considering a motion to dismiss for failure to state a claim we must accept as true all well-pleaded allegations in the complaint. *See Miree v. DeKalb County, Georgia*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). The facts in this case are not in dispute. Pursuant to section 9 of the Pennsylvania Election Code, plaintiff is not permitted to cross-file. The principle thrust of plaintiff's argument is that the individual defendants, acting under color of state law in applying section 9, have violated plaintiff's equal protection rights because the law discriminates against legislative candidates by denying them the cross-filing privileges permitted judicial candidates.

Plaintiff urges this court to apply a strict scrutiny analysis to the classification at issue. Such an exacting standard of review, however, has been reserved for instances in which a "fundamental" constitutional right or a "suspect" classification is present. *See*

*Plyler v. Doe*, —— U.S. ——, —— n. 2, 102 S.Ct. 2382, 2406 n. 2, 72 L.Ed.2d 186, n. 2 (1982) (Powell, J., concurring). Neither is present here. Despite his assertions to the contrary, plaintiff is not a member of a suspect class simply because he is a "non-lawyer, non-judicial candidate." *See generally San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973); *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520 (1976). Nor is candidacy itself a fundamental right. *See Clements v. Fashing*, —— U.S. ——, ——, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *Bullock v. Carter*, 405 U.S. 134, 143, 92 S.Ct. 849, 856, 31 L.Ed.2d 92 (1972). Therefore, traditional equal protection analysis would require that our inquiry focus on and be limited to whether the legislative classification at issue bears a rational relationship to a legitimate state purpose. *See Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 943, 59 L.Ed.2d 171 (1973). "Classifications are set aside only if they are based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them." *Clements v. Fashing*, —— U.S. at ——, 102 S.Ct. at ——.

The Supreme Court has departed from traditional equal protection analysis in recent years, however, in two separate lines of ballot access cases. One line of cases involved classifications based on wealth. *See, e.g., Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); *Lubin v. Panish*, 415 U.S. 709, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974). The other line of cases involved classification schemes that imposed burdens on new or small political parties or independent candidates. *See, e.g., Illinois Elections Bd. v. Socialist Workers Party*, 440 U.S. 173, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979); *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

The provision of the Pennsylvania Election Code challenged in this case does not involve either type of classification. It does not automatically follow, however, that traditional equal protection principles alone govern. *Clements v. Fashing*, —— U.S. at ——, 102 S.Ct. at 2843 In addition, we must focus on the extent to which the challenged restriction unfairly or unnecessarily burdens the "availability of political opportunity." *Id., quoting Lubin v. Panish*, 415 U.S. 709, 716, 94 S.Ct. 1315, 1320, 39 L.Ed.2d 702 (1974).

The defendants contend that the prohibition against cross-filing by legislative and executive candidates serves to protect the political party system and to ensure adversarial elections. Presumably, this enables citizens to secure and maintain better and more politically responsive representation. This rationale behind the cross-filing provisions of the Pennsylvania Election Code has been recognized by Pennsylvania courts. *See, e.g., Krull v. City and County of Philadelphia*, 382 Pa. 1, 114 A.2d 119 (1955). Because the function of judges is "to administer the law, not to espouse the cause of a particular constituency," *Stokes v. Fortson*, 234 F.Supp. 575, 577 (N.D.Ga.1964), the considerations that support the prohibition against cross-filing by legislative and executive candidates have no relevance with respect to judicial candidates. We believe that section 9 of the Election Code is a reasonable and rational means of furthering the state's legitimate ends. Furthermore, we note that plaintiff is not being denied total access to the ballot but rather, merely to being listed as a candidate on the primary ballots of *all* political parties. For these reasons, we conclude that plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983.

Plaintiff's complaint also fails to state a claim under either 42 U.S.C. § 1981 or 42 U.S.C. § 2000d. A claim based on either section must be founded on racial discrimination. *See Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981) (section 1981); *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (Title VI). Even the most liberal reading of plaintiff's complaint fails to disclose any allegation of racial discrimination in connection with the cross-filing provisions of section 9. Therefore, we will dismiss plaintiff's complaint against the state officials pursuant to Fed. R.Civ.P. 12(b)(6).