RICHARD K. DONAHUE & others [1] *vs.* SECRETARY
OF THE COMMONWEALTH & another. [2]

Suffolk.  September 13, 1988. — November 9, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Elections, Equal protection of laws. *Elections*, Clerk
of court. *Supreme Judicial Court*, Clerk for the county of Suffolk.

Since the clerk of the Supreme Judicial Court for the county of Suffolk does
not exercise governmental powers or perform governmental functions,
as these terms have been defined by the Supreme Court of the United
States, the election of the clerk by the voters of Suffolk County does
not abridge the Federal equal protection rights of voters residing in cities
and towns located outside Suffolk County. [365-368]

Election of the clerk of the Supreme Judicial Court for the county of Suffolk
("a ministerial officer of the courts") by the voters of Suffolk County
does not abridge any right secured by arts. 9 and 10 of the Massachusetts
Declaration of Rights to voters residing in cities and towns located
outside Suffolk County. [368-369]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on July 20, 1988.

The case was reported by *Wilkins*, J., on a statement of
agreed facts.

*Michael S. Greco (E. Randolph Tucker, Lisa D. Campolo,
John Reinstein & David A. Hoffman*, with him) for the plain-
tiffs.

*Ruth A. Bourquin*, Assistant Attorney General, for the Sec-
retary of the Commonwealth.

*John A. Kiernan* for the intervener.

---

[1] Edward J. Barshak, Roy A. Hammer, John A. Perkins, Richard D.
Gelinas, William E. Bernstein, Elizabeth Vorenberg, Elizabeth Marshall,
Julia Kaufman, John H. Henn, and Max Volterra.

[2] Joseph A. Ligotti, intervener.

ABRAMS, J. The plaintiffs, eleven voters registered in cities and towns located in counties other than Suffolk County, challenge as unconstitutional the election of the clerk for the Supreme Judicial Court for Suffolk County by those persons who are registered voters in the cities and town of Suffolk County only. G. L. c. 54, § 155. On July 20, 1988, the plaintiffs filed their complaint in the Supreme Judicial Court for Suffolk County, seeking a declaration that the election at issue is unconstitutional under the Fourteenth Amendment to the United States Constitution and under arts. 9 and 10 of the Declaration of Rights of the Massachusetts Constitution. The plaintiffs claim that the election violates the principle of one person, one vote and urged this court to make a declaration to that effect. See G. L. c. 231A. On August 19, 1988, the single justice reserved and reported this case to the full court.[3]

On September 28, 1988, we ordered the following entry be made on the docket: "We declare that the election of the clerk of the Supreme Judicial Court of Suffolk County by the voters of Suffolk County does not violate the Fourteenth Amendment to the Constitution of the United States or arts. 9 and 10 of the Declaration of Rights of the Massachusetts Constitution." This opinion explicates the reasons underlying our order.

Every six years, voters in each county elect clerks of court. G. L. c. 54, § 155. In each county in the Commonwealth besides Suffolk, the clerk of the courts is empowered to act as the clerk for the Supreme Judicial Court for his county. In Suffolk County, the clerk for the Supreme Judicial Court for Suffolk County holds a separate position. G. L. c. 221, § 3. The clerk for the Supreme Judicial Court for Suffolk County acts as clerk of the single justice of the Supreme Judicial Court when the single justice sits in Boston. G. L. c. 221, § 15.[4]

---

[3] The complaint also sought a preliminary and permanent injunction restraining the Secretary of the Commonwealth from including on the ballot for the 1988 State election any candidate for the Suffolk County clerk's office; and restraining the Secretary from presenting the results of the election to the Governor for certification. The request for injunctive relief prior to the primaries was denied by the single justice.

[4] The Supreme Judicial Court for a particular county connotes the single justice session of the Supreme Judicial Court. Thus, the single justice sitting

The parties filed the following statement of agreed facts. "The clerk of the Supreme Judicial Court for Suffolk County does not act as a judge or magistrate. The clerk does not decide cases, find facts or have any influence over how cases are decided. The clerk does not have any influence over how bar applications or bar disciplinary proceedings are decided.

"The clerk of the Supreme Judicial Court for Suffolk County maintains separate dockets for the following: (a) petitions for admissions to the bar and informations for bar disciplinary proceedings; (b) matters referred to a single justice by the full bench of the Supreme Judicial Court; and (c) all other matters to be heard by the single justice.

"During calendar year 1987, approximately 2,788 petitions for admission to the bar, 36 informations for bar discipline proceedings, 35 matters referred to the single justice by the full court, and 503 other (civil or criminal) actions were docketed in the office of the clerk of the Supreme Judicial Court for Suffolk County."

"The office of the clerk of the Supreme Judicial Court for Suffolk County presently has a staff of 22 persons, consisting of 3 assistant clerks and 19 clerical-secretarial positions. The clerk is responsible for hiring and supervising all such personnel, except for hiring the First Assistant Clerk, who is appointed by the Supreme Judicial Court."

"The Supreme Judicial Court, and single justices thereof sitting in single justice sessions, generally sit in Suffolk County. The principal offices of the three branches of State government in the Commonwealth, including the principal offices of most if not all State executive agencies, are located in Suffolk County. The offices of the Board of Bar Examiners and the Board of Bar Overseers are located in Suffolk County."

1. *The Fourteenth Amendment Claim.* Ordinarily the Fourteenth Amendment's guarantee of equal protection requires that elections for State government positions be conducted on the principle of one person, one vote. See, e.g., *Reynolds* v.

---

in Suffolk County is identical with the Supreme Judicial Court for Suffolk County. We use these terms interchangeably.

*Sims*, 377 U.S. 533 (1964); *Gray* v. *Sanders*, 372 U.S. 368 (1963). Under this principle, all qualified voters in the relevant jurisdiction must be given the right to vote. *Kramer* v. *Union Free School Dist., No. 15*, 395 U.S. 621 (1969). Each person's vote must count, as nearly as possible, in equal measure with another person's vote. *Avery* v. *Midland County*, 390 U.S. 474 (1968). Further, "as a general rule, *whenever a state or local government decides to select persons by popular election to perform governmental functions*, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election . . . on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials" (emphasis added). *Hadley* v. *Junior College Dist.*, 397 U.S. 50, 56 (1970). The one person, one vote rule is applicable to *any* State election of a person who would "perform governmental functions." *Id.*[5]

The plaintiffs argue that the clerk for the Supreme Judicial Court for the county of Suffolk is an elective "State administrative position which performs governmental functions." Therefore, the plaintiffs conclude that the one person, one vote requirement is applicable to the election of the clerk for the Supreme Judicial Court for Suffolk County.

The issue is whether the clerk's administrative duties require the clerk to exercise governmental powers or perform governmental functions, as those terms have been defined by the United States Supreme Court. See, e.g., *Avery* v. *Midland County, supra*; *Hadley* v. *Junior College Dist., supra*. If the clerk exercises general governmental powers or performs governmental functions, the plaintiffs are correct in their Federal constitutional claim. We turn to the guidelines set forth by the United States Supreme Court to determine what functions of an

---

[5] It is, however, constitutional for a State to appoint its administrative boards. See *Sailors* v. *Board of Educ.*, 387 U.S. 105 (1967). If administrative boards are appointed, the requirement of one person, one vote does not apply. *Id.* at 110.

elected body are governmental[6] and hence subject to the one person, one vote rule.

In *Avery* v. *Midland County, supra*, the Supreme Court held that commissioners who set the tax rate, issued bonds, prepared a budget, appointed county officials, established the courthouse and jail, and fixed county school districts, possessed general governmental powers and were thus subject to the one person, one vote requirement. *Id.* at 476-477. In *Ball* v. *James*, 451 U.S. 355 (1981), the Supreme Court held that a water district did not have general governmental powers because "[i]t cannot enact any laws governing the conduct of citizens, nor does it administer such normal functions of government as the maintenance of streets, the operation of schools, or sanitation, health, or welfare services." *Id.* at 366. The Supreme Court noted that the power to construct, to condemn property and to issue bonds does not amount to general governmental authority. *Id.* at n.11. In *Sayler Land Co.* v. *Tulane Lake Basin Water Storage Dist.*, 410 U.S. 719 (1973), the Supreme Court said it was constitutional to enfranchise only landowners for the election of officers of a water storage district and that such a restriction on the right to vote was not violative of the Fourteenth Amendment. In its discussion the Supreme Court stated that the water storage district had such limited power and discretion that it was not really governmental and that the water district affected landowners disproportionately. The Supreme Court therefore concluded that the one person, one vote principle did not apply. *Id.* at 728-729. An underlying principle protected by the one person, one vote is the preservation of representative government. See *Reynolds* v. *Sims, supra* at 555.[7]

---

[6] In addition to having governmental powers, the elected person must have governmental powers which extend "over the entire geographic area served by the body" in order for one person, one vote rules to apply. *Avery* v. *Midland County, supra* at 485.

[7] Because representativeness is not relevant in the judiciary, the one person, one vote rule does not apply to the election of judges. See *Wells* v. *Edwards*, 347 F. Supp. 453, 455 (M.D. La. 1972), aff'd mem., 409 U.S. 1095 (1973). On the result we reach, we need not determine whether this exception to the one person, one vote rule applies to the court functionaries who perform ministerial duties.

Applying the principles enunciated in the Federal cases to the election of the clerk for the Supreme Judicial Court for Suffolk County compels the conclusion that the clerk does not exercise general governmental power nor does the clerk perform governmental functions. All the powers which the Supreme Court has said are "governmental" assume the ability of the elected public body to make choices and exercise some degree of discretion which affects the citizenry at large.

By contrast, the Suffolk County clerk makes no decision which affects members of the Commonwealth. The clerk merely files papers, accepts bar applications, and schedules matters at the pleasure of the Supreme Judicial Court. The clerk does not have a limited type of governmental power. Rather, he has no governmental power. The position is not representative. In short, the clerk is a functionary "so far removed from normal governmental activities" that the one person, one vote principle does not apply. *Hadley*, *supra* at 56.

2. *State Constitutional Claims*. The plaintiffs also assert that the election of the clerk by voters in Suffolk County violates arts. 9[8] and 10[9] of the Declaration of Rights of the Massachusetts Constitution. The plaintiffs argue that the "responsibilities of the office" of the clerk and the "powers actually exercised by the Clerk" require the conclusion that a Statewide election is required as a matter of State constitutional law. We do not agree. "[T]he guaranty of 'an equal right to elect officers' by art. 9 of the Declaration of Rights is not to be construed as granting a right to vote 'for all officers' to be elected . . . . [I]t goes no farther than to guarantee equality among all duly qualified voters of the 'right to elect officers.'" *Moore* v. *Election Comm'rs of Cambridge*, 309 Mass. 303, 327 (1941). Every registered voter has a right to vote for a clerk of the

---

[8] Article 9 of the Massachusetts Declaration of Rights reads: "All elections ought to be free; and all the inhabitants of this Commonwealth, having such qualifications as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments."

[9] Article 10 of the Massachusetts Declaration of Rights reads in part: "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing Laws."

Supreme Judicial Court in the county in which the city or town where the voter is registered is located. See G. L. c. 221, § 3.

The clerk for the Supreme Judicial Court for Suffolk County does not make any decisions which affect the public. As we have already noted, the clerk merely files papers, accepts bar applications, and schedules matters at the pleasure of the Supreme Judicial Court. The clerk is "a ministerial officer of the courts . . . [who] is subject to the direction of the courts in the performance of his duties." *Patrick* v. *Dunbar*, 294 Mass. 101, 104 (1936). See *Boston* v. *Santosuosso*, 308 Mass. 202, 206 (1941). The plaintiffs assert that the decisions of the single justice may have Statewide ramifications. They point out that the clerk for the Supreme Judicial Court for Suffolk County maintains bar and discipline records, and that venue for certain actions, mainly involving State agencies, is in Suffolk County.[10] From those facts, the plaintiffs conclude that the duties, responsibilities, and powers of the clerk are Statewide. The flaw in the plaintiffs' reasoning is that they have confused the judicial authority of the single justice with the ministerial duties of the clerk. Neither the volume of the single justice's work nor the importance of the work requires the conclusion that the clerk is anything other than a "ministerial officer." The plaintiffs' claim that the election of the clerk for the Supreme Judicial Court for Suffolk County by the voters of Suffolk County is an infringement of rights protected by arts. 9 and 10 is without merit.[11]

---

[10]See, e.g., G. L. c. 25, § 5; G. L. c. 54, § 119; G. L. c. 175, § 108(8) (C); G. L. c. 175, § 110C (2); G. L. c. 182, § 14; G. L. c. 175, § 113B; G. L. c. 175A, § 5A; G. L. c. 176A, § 5. The venue of these matters is the location of the State agency in Suffolk. See, e.g., G. L. c. 25, § 5; G. L. c. 54, § 119; G. L. c. 175, §§ 108 (8), 113B; G. L. c. 175A, § 5A; G. L. c. 176A, § 5. Similarly, the location of the Board of Bar Overseers and Bar Examiners, the full court, and two major bar associations, makes Suffolk County an appropriate place to keep these records.

[11]The defendants assert that art. 19 of the Amendments to the Constitution requires the election of the clerk for the Supreme Judicial Court for Suffolk County. Article 19 reads as follows: "The legislature shall prescribe, by general law, for the election of sheriffs, registers of probate, and clerks of the courts, by the people of the several counties, and that district-attorneys shall be chosen by the people of the several districts, for such term of offfice as the legislature shall prescribe." Because we conclude that there is no violation of arts. 9 and 10, we do not reach the issue whether art. 19 applies to the election of the clerk for the ·Supreme Judicial Court for Suffolk County.