ANNE LEE ALLEN *vs.* LYNDA G. CHRISTIAN. DECEMBER 6, 1990. *Practice, Civil,* Appeal, Record.

The plaintiff, Allen, appeals from the denial of relief pursuant to G. L. c. 211, § 3. The defendant, Ms. Lynda G. Christian, represented Allen

during her divorce. After the domestic relations proceedings ended, Christian sought payment from Allen. Allen, at first, agreed to pay Christian's bill and requested an extension of time within which to pay the bill. The extension was requested by Allen's father in a letter to Christian on the father's letterhead. Allen did not pay the bill when due, and Christian brought suit in the Boston Municipal Court.

The father then filed a motion to depose Christian, a motion to strike Christian's affidavit, and a motion to amend Allen's answer by adding a counterclaim. Christian filed a motion to disqualify Allen's father from representing her in the litigation based on the fact that the father was a material witness. She also filed a motion to quash the notice of deposition. A judge of the Boston Municipal Court allowed the motion to disqualify Allen's father from representing her, denied the motion to amend Allen's answer by adding a counterclaim, and allowed Christian's motion to quash the notice of deposition.

The father then filed a complaint pursuant to G. L. c. 211, § 3, seeking to set aside the order of disqualification, the denial of the motion to amend the answer, and the quashing of the notice of deposition. The single justice denied relief on all issues other than the allowance of the motion for disqualification on the ground that those rulings could be "raised in an appeal in the normal course from a decision in the trial court."

On the request to set aside the ruling on the motion for disqualification, the single justice attempted to obtain tapes of the Boston Municipal Court proceedings. The tapes, when obtained, were unintelligible. The single justice determined that the tapes were unintelligible without fault of any person. The single justice noted that the record on which the plaintiff sought relief did not contain any basis on which to set aside the disqualification order of the Boston Municipal Court judge. "The burden of presenting [a] court with a record which shows the alleged error [either by the trial court or] by the single justice is on the [plaintiff] as the appealing [party]." *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 317 (1975). The record before us does not reflect any basis for reversing the judgment of the single justice.

*Judgment affirmed.*

*Bertram W. Allen*, for the plaintiff, submitted a brief.