# RESCRIPT OPINIONS.

LESLIE A. SARNO vs. STEPHEN M. SARNO. February 6, 1996. *Supreme Judicial Court,* Superintendence of inferior courts.

The defendant appellant's attempt to seek review of the denial of relief under G. L. c. 211, § 3 (1994 ed.), must fail. To his challenge to the entry of a preliminary order that he pay a portion of the college tuition of his nineteen year old daughter, he added a request that the single justice declare G. L. c. 208, § 28 (1994 ed.), unconstitutional. His appeal disclaims any challenge to the single justice's denial of relief from the preliminary order itself.

The request for a declaratory judgment seeks to present an issue that underlies the defendant's challenge to the preliminary order of the trial court. The defendant has not demonstrated, or even argued, that review of the trial court decision after trial and final judgment will not adequately protect his interests. It may be that, on the facts, the issue of the constitutionality of G. L. c. 208, § 28, will never be reached.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John S. Legasey & Steven E. Gurdin* for the plaintiff.

*Stephen M. Sarno,* pro se.


CARE AND PROTECTION OF LORRAINE. March 5, 1996. *Supreme Judicial Court,* Superintendence of inferior courts. *Moot Question. Practice, Civil,* Moot case.

Because the underlying order in the trial court that was the subject of this G. L. c. 211, § 3 (1994 ed.), proceeding has been vacated, the appeal from a single justice's order concerning the trial court's order is moot. The order of the single justice is vacated, and a judgment shall be entered dismissing the petition as moot and not on the merits.

*So ordered.*

*Robert A. Sherman (Peter F. Carr* with him) for the mother.

*Katherine M. Potter* for Department of Social Services.

*Pamela B. Bankert (Alison Lowe* with her) for the minors.

*Jinanne S.J. Elder & Amy M. Karp,* Committee for Public Counsel Services, amicus curiae, submitted a brief.