# RESCRIPT OPINIONS.

GERTRUDE DAVIS GOROD & another[1] *vs.* EDITH TABACHNICK. July 17, 1998. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Record. *Clerk of Court.*

The petitioners, Fred Davis and Gertrude Davis Gorod, appeal from a judgment of a single justice of this court denying, without a hearing, their requests for relief under G. L. c. 211, § 3. We affirm.[2]

In seeking relief under G. L. c. 211, § 3, it was the petitioners' burden to create a record — not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate their allegations — showing both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means. *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997). *Sinai* v. *Plymouth Div. of the Probate & Family Court Dep't*, 425 Mass. 1021 (1997). *Hines* v. *Commonwealth*, 425 Mass. 1013, 1013 (1997). *Barnoski* v. *Commonwealth*, 413 Mass. 1007 (1992). *Allen* v. *Christian*, 408 Mass. 1007, 1008 (1990). The petitioners did not create such a record, and so the single justice correctly denied their petition. It is of no consequence that the petitioners were acting pro se.

With the hope that it will eliminate confusion in the future, we take this opportunity to reiterate what we have said in other cases concerning clerks of court or registers (or a member of their staff) who refuse to accept for filing a notice of appeal tendered by a litigant. Clerks and registers, whether elected or appointed, are ministerial officers of the court when it comes to receiving and filing papers. See *Donahue* v. *Secretary of the Commonwealth*, 403 Mass. 363, 368-369 (1988). In the absence of an order from a judge, they may not refuse to accept a notice of appeal, even if they believe that no appeal is available or that the notice is untimely or otherwise defective. *Morales* v. *Commonwealth*, 424 Mass. 1010, 1011 (1997). *Callahan* v. *Commonwealth*, 416 Mass. 1010, 1010-1011 (1994). *Burnham* v. *Clerk of the First Dist. Court of Essex*, 352 Mass. 466, 467-468 (1967).

Of course not every filing of a notice of appeal requires the assembly of a record. If a dispute arises as to whether the record must be assembled in a

---

[1]Fred Davis. The petitioners claim to represent the estate of David Miller.

[2]Some if not all of the relief sought by the petitioners concerned interlocutory rulings in the Probate Court, yet the petitioners did not proceed in accordance with S.J.C. Rule 2:21, 421 Mass. 1303 (1995). This by itself is a reason not to disturb the single justice's judgment.

given case, the litigant who seeks to appeal may move for an order compelling the assembly, and the matter must then be resolved by a judge. Where (as apparently happened here) a litigant seeks to appeal from an interlocutory order, and there is no right to an immediate appeal, no assembly of a record is required. That is a legal determination for the judge to make, subject to appellate review. See the discussion in *Mancuso* v. *Mancuso*, 10 Mass. App. Ct. 395 (1980).

The judgment of the single justice is affirmed. The defendant's request for double costs is denied. Finally, we order that neither the clerk of this court for the Commonwealth nor the clerk of the county court accept any further filing from the petitioners in the nature of a request for interlocutory relief in this dispute, unless at least four Justices authorize the filing. The Probate Court is free to consider fashioning its own order with respect to further filings in that court.

*So ordered.*

*Fred Davis*, pro se.

*Gertrude Davis Gorod*, pro se.

*Joseph S. Provanzano* for the defendant.