John B. Dempsey *vs.* District Attorney for the Suffolk District. June 15, 1999. *Supreme Judicial Court*, Superintendence of inferior courts.

John B. Dempsey (petitioner) appeals from the judgment of a single justice of this court denying, without a hearing, the petitioner's request for relief pursuant to G. L. c. 211, § 3. As there is no basis for granting relief pursuant to c. 211, § 3, we affirm.

In 1983, the petitioner, then seventeen years old, pleaded guilty to two indictments charging robbery. On three occasions he has filed motions to withdraw his guilty pleas and motions for a new trial, all of which have been denied, and the orders denying these motions have been affirmed. *Commonwealth* v. *Dempsey*, 40 Mass. App. Ct. 1125 (1996). *Commonwealth* v. *Dempsey*, 30 Mass. App. Ct. 1102 (1991). *Commonwealth* v. *Dempsey*, 21 Mass. App. Ct. 1103 (1985). Additionally, the Appeals Court has affirmed orders denying the petitioner's motions for reconsideration. *Commonwealth* v.

---

*Dempsey*, 44 Mass. App. Ct. 114 (1998). *Commonwealth* v. *Dempsey*, 43 Mass. App. Ct. 1105 (1997).

Through his petition under G. L. c. 211, § 3, the petitioner, citing Federal law, requested that his "convictions" be vacated "in favour [*sic*] of juvenile delinquency adjudications" because of his age at the time he committed the robberies. The single justice properly denied the petition. "In seeking relief under G. L. c. 211, § 3, it was the petitioner['s] burden to create a record . . . showing both a substantial claim of violation of a substantive right and that the violation could not have been remedied . . . by other available means." *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001 (1998). Although the record before the single justice did not indicate whether the petitioner did in fact raise this claim in any of his previous motions and appeals, it is clear that the petitioner could have done so and that the relief he would have obtained, if his claim were meritorious, is the same relief that his petition requests. *Maza* v. *Commonwealth*, 423 Mass. 1006, 1006 (1996) ("A request for relief under G. L. c. 211, § 3, is properly denied where the petitioning party has or had adequate and effective avenues other than G. L. c. 211, § 3, by which to seek and obtain the requested relief"). We reiterate that a pro se litigant is held to the same standard in this regard as a litigant represented by counsel. See *Gorod* v. *Tabachnick, supra*; *Lanoue* v. *Commonwealth*, 427 Mass. 1014, 1015 (1998); *Maza* v. *Commonwealth, supra*.

The judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on briefs.

*John B. Dempsey*, pro se.

*Jane A. Sullivan*, Assistant District Attorney, for the District Attorney for the Suffolk District.