RASHAD RASHEED *vs.* APPEALS COURT. July 12, 2001. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, Rashad Rasheed, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3, which sought an order compelling the Appeals Court to reinstate his appeal from the denial of his latest postconviction motion. The petitioner's

---

appeal was dismissed by the Appeals Court pursuant to its standing order concerning dismissal of appeals and reports in all cases for lack of prosecution. We affirm.

A petitioner seeking relief under G. L. c. 211, § 3, bears the burden of showing "both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). We have repeatedly held, therefore, that relief under G. L. c. 211, § 3, is properly denied where there are other routes by which the petitioning party may adequately seek relief. See, e.g., *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997); *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996). Here, the petitioner had other available remedies. For example, at the time the Appeals Court dismissed his appeal, he could have sought further appellate review of that dismissal pursuant to Mass. R. A. P. 27.1 (a),[1] as amended, 367 Mass. 920 (1975), or could have pursued his allegation that the appeal was dismissed due to the ineffectiveness of his appellate counsel by filing a motion for a new trial raising that claim in the trial court. See *Commonwealth* v. *Cowie*, 404 Mass. 119, 122 (1989) (motion for new trial "acceptable alternative" to direct appeal that has been dismissed because of a counsel's noncompliance with rules of appellate procedure).

We have also held that it is the petitioner's burden to create a record — not merely to allege, but to demonstrate by providing a copy of the lower court docket and any relevant pleadings — to substantiate his allegations. See, e.g., *Lantsman* v. *Lantsman*, 429 Mass. 1018, 1019 (1999); *Gorod* v. *Tabachnick*, *supra*. The petitioner did not create such a record. For example, he failed to substantiate his contention that the claims he intended to raise in his appeal before the Appeals Court were meritorious. Although the petitioner identified in very general terms several "issues" he intended to raise, he did not provide any specific facts or legal authority demonstrating that these issues had the slightest merit.

Having failed (a) to demonstrate that other available remedies would not provide full and effective relief and (b) to create a record substantiating his allegations, the petitioner was not entitled to extraordinary relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on briefs.

*Rashad Rasheed*, pro se.

---

[1] Rule 27.1 (a) of the Massachusetts Rules of Appellate Procedure, as amended, 367 Mass. 920 (1975), states in relevant part that "[w]ithin twenty days after the date of the rescript of the Appeals Court any party to the appeal may file an application for leave to obtain further appellate review of the case by the full Supreme Judicial Court." The petitioner contends that he did not receive notice of the Appeals Court order dismissing his appeal until four months after the order was entered. However, at the time the Appeals Court entered the dismissal order, the petitioner was represented by counsel in the Appeals Court proceeding. Nothing in the Appeals Court's standing order relative to dismissal for lack of prosecution requires notice of the actual dismissal (as opposed to notice of the order preceding dismissal) to be sent to a defendant personally in such circumstances. See Mass. R. A. P. 31 (c), 365 Mass. 879 (1974) ("Service on a party represented by counsel shall be made on counsel"). There is nothing in the record that indicates that the petitioner's counsel did not receive notice of the dismissal order.