*Colleen C. Currie* for the petitioner.

FRANCOIS GOUIN *vs.* DORI F. CHADBOURNE GOUIN & another[1] (and a consolidated case). October 3, 2001. *Supreme Judicial Court,* Appeal from order of single justice. *Mandamus.*

Francois Gouin, the petitioner, appeals pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from the denial by a single justice of this court of a petition for relief under G. L. c. 211, § 3, and for relief in the nature of mandamus under G. L. c. 249, § 5.

---

[1]Suffolk Division of the Probate and Family Court Department of the Trial Court, a nominal party.

The petitioner argues that neither he "nor the child can be placed in statu quo in the regular course of appeal," and that unconscionable and irremediable damage will occur to him and to the child during the intervening period. The petitioner, however, does not address the possibility that he might achieve a favorable result, and sooner, in either the remainder of the termination proceedings, or in the divorce action. As a result, the petitioner has not met his burden under rule 2:21 (2).

We now turn to the petitioner's request for relief in the nature of mandamus. Rule 2:21 applies when "a single justice denies relief from a challenged interlocutory ruling in the trial court." The rule, therefore, does not apply to the petitioner's appeal from the single justice's denial of the request for a writ of mandamus.

Nevertheless, if we were to rule on the single justice's decision that the petitioner is not entitled to relief in the nature of mandamus, we would conclude that the single justice did not abuse his discretion. See *Forte* v. *Commonwealth*, 429 Mass. 1019, 1020 (1999). The petitioner states in his memorandum and supplementary material that he "seeks an order vacating the order allowing the removal of the children to . . . Maine." Yet, relief in the nature of mandamus is granted only to prevent a failure of justice where there is no alternative remedy, an aspect the petitioner has not established. See, e.g., *Thayer* v. *Clerk of the Dist. Court of Barnstable*, 421 Mass. 1001 (1995) (that remedy no longer available due to passage of time not sufficient grounds warranting mandamus relief); *Callahan* v. *Superior Court*, 410 Mass. 1001 (1991) (petitioner could have appealed interlocutory orders under G. L. c. 231, § 118, or appealed after entry of final judgment). We note that the petitioner did obtain review, pursuant to G. L. c. 231, § 118, of a temporary order regarding his visitation rights, and sought, too late, review of an order granting custody and authorizing the wife to take the children to Maine.

In his second petition to the single justice, the petitioner sought "a writ of certiorari, and to invoke the general superintendence of the court," and specifically requested a reversal of the order closing two hearings and a declaration that all proceedings and hearings in the divorce action shall remain open to the public. The single justice denied the relief requested under G. L. c. 211, § 3, noting that the petitioner had failed to show that relief was not available through the regular appellate process as to the hearings of March 9, April 2, April 3, and April 24. The rulings at issue are interlocutory for purposes of rule 2:21 (1), so we again consider whether the petitioner has met the requirement of rule 2:21 (2). The petitioner, although questioning the benefit to him of obtaining relief on appeal from a judgment in the divorce action, regarding the closed hearings, has not addressed whether "review of the trial court decision cannot adequately be obtained . . . by other available means." 'S.J.C.

Rule 2:21 (2). The single justice not only referred to cases specifying the procedure a trial judge should follow before ordering court room closure, but he also stated: "A party aggrieved by the order may seek leave to petition a single justice *immediately*" (emphasis added). The petitioner is aware of this option because in at least one instance he obtained review by a single justice of the Appeals Court who issued an order dated May 31, 2001, regarding a Probate Court judge's order of April 26 closing a hearing.[2] As a result, the petitioner has also not met his burden under rule 2:21 (2), as to this portion of the consolidated appeals.

So much of the judgment in S.J.C. No. SJ-2001-277 as denies relief under G. L. c. 211, § 3, is affirmed; and the judgment in S.J.C. No. SJ-2001-278 is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barbara C. Johnson* for the petitioner.

[2]We note that the petition was not filed until May 18, 2001.