*Dieu C. Tran*, pro se.

MARCUS B. DIGGS, JR. *vs.* COMMONWEALTH. May 19, 2003. *Supreme Judicial Court,* Superintendence of inferior courts.

Following a jury trial, the petitioner was convicted of receiving a stolen motor vehicle, assault and battery, and reckless operation of a motor vehicle. His convictions were affirmed. *Commonwealth* v. *Diggs*, 49 Mass. App. Ct. 1105, cert. denied, 531 U.S. 950 (2000).[1] Thereafter, the petitioner made various unsuccessful legal challenges to his convictions in the Superior Court, including multiple motions for a new trial; his single appeal from various adverse rulings was dismissed for lack of prosecution. Subsequently, he filed a motion that a single justice of this court treated as a G. L. c. 211, § 3, petition and denied. There was no error.

The petitioner raises issues that either were, or could have been, presented to the Superior Court in a motion for a new trial, or to the Appeals Court, either on direct appeal or on appeal from the denial of one or more of his posttrial motions.[2] "We have emphasized that relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate

---

[1]In addition, while his direct appeal was pending, the petitioner filed a petition for relief pursuant to G. L. c. 211, § 3, the denial of which was affirmed by this court. *Diggs* v. *Commonwealth*, 429 Mass. 1019 (1999). That petition is not at issue here.

[2]To the extent that the petitioner contends that either of his counsel was ineffective, such claims could have been raised in a motion or motions pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). *Bates* v. *Commonwealth*, 434 Mass. 1019 (2001). On the record before the single justice, the petitioner failed to demonstrate "both a substantial

review. *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied." *Diggs* v. *Commonwealth*, 429 Mass. 1019, 1019 (1999), quoting *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986).

*Judgment affirmed.*

The case was submitted on briefs.

*Marcus B. Diggs, Jr.*, pro se.

*Jonathan W. Blodgett*, District Attorney, & *Gregory I. Massing*, Assistant District Attorney, for the Commonwealth.

---

claim of violation of a substantive right and that the violation could not have been remedied . . . by other available means." *Dempsey* v. *District Attorney for the Suffolk Dist.*, 429 Mass. 1014, 1015 (1999), quoting *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). Indeed, "the relief he would have obtained, if his claim[s] were meritorious, is the same relief that his petition requests." *Dempsey* v. *District Attorney for the Suffolk Dist.*, supra.