GEORGE R. BENYAMIN *vs.* CITY MANAGER OF WORCESTER. January 6, 2004. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

George R. Benyamin appeals from a judgment of a single justice of this court denying relief pursuant to G. L. c. 211, § 3. We affirm.

Benyamin was convicted by a jury on two counts of rape, one count of indecent assault and battery, and one count of assault with intent to rape. The Appeals Court affirmed the convictions, *Commonwealth* v. *Benyamin*, 49 Mass. App. Ct. 1119 (2000), and this court denied further appellate review, *Commonwealth* v. *Benyamin*, 432 Mass. 1107 (2000). In his G. L. c. 211, § 3, petition, Benyamin alleged that the accusations against him, his subsequent prosecution, and various civil actions naming him as a defendant were part of a "scheme" or "conspiracy" to deprive him of three properties (and some vehicles) that he owned in Worcester; that each of those properties was the

---

[2]The judge did not address whether Celester had sufficiently demonstrated a need for the funds.

subject of an unlawful demolition order; and that the properties were otherwise improperly encumbered. He sought orders directing the Superior Court to vacate certain orders or judgments against him or his properties, and to make an inquiry into the alleged conspiracy.[1]

The single justice properly denied relief under G. L. c. 211, § 3.[2] There are or were adequate alternative routes by which the petitioner could have sought relief. See, e.g., *Rasheed* v. *Appeals Court*, 434 Mass. 1012 (2001); *Matthews* v. *D'Arcy*, 425 Mass. 1021 (1997); *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019 (1996). Despite Benyamin's allegation that the rape victim and others conspired against him, his allegations amount to collateral attacks on his criminal convictions, the demolition proceedings, and other civil actions in which he is involved. Benyamin does not allege, much less demonstrate, that those allegations could not have been addressed in the ordinary trial and appellate process or through posttrial filings. E.g., *Diggs* v. *Commonwealth*, 439 Mass. 1006, 1006-1007 & n.2 (2003) (no abuse of discretion in denying relief under G. L. c. 211, § 3, for claims that could have been raised during ordinary course of trial and appeal, or through motion or motions pursuant to Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 [2001]).

The single justice neither abused his discretion nor otherwise erred in denying relief.[3]

*Judgment affirmed.*

The case was submitted on briefs.

*George R. Benyamin*, pro se.

*Donald V. Rider, Jr.*, Assistant City Solicitor, for the defendant.

---

[1]Benyamin failed to comply with S.J.C. Rule 2:22, 422 Mass. 1302 (1996) ("Any petition seeking to invoke the general superintendency power of the court pursuant to G. L. c. 211, § 3, shall name as respondents and make service upon all parties to the proceeding before the lower court . . ."). In addition, he did not contend that the city manager, the sole named respondent, was part of the alleged conspiracy.

[2]"We do not consider any . . . issues, arguments [or] claims raised by [the petitioner] on appeal that were not raised before the single justice." *Bloise* v. *Bloise*, 437 Mass. 1010, 1010 (2002).

[3]Benyamin's remaining arguments concerning the single justice proceedings lack merit. He was not entitled to a hearing on his petition, and there was nothing incorrect about the form of the notice he received of the single justice's order.

