JASON STERLING *vs.* TARA DELMONICO. April 1, 2005. *Supreme Judicial Court,* Appeal from order of single justice.

Heather Gow Firestone; Scott Yeager; Kerry Yeager Stevens; Edward Donald Neese, Fourth; Hilary Patricia Neese; Lawson Gow; David Frederick Gow, Jr.; Christopher Robert Gow; Sarah Gow; Daniel Wesley Gow; Stephen Firestone; Andrew Firestone; Grace Firestone; Ryan Alden Yeager; Hannah Alexandra Yeager; Walker Alden Stevens; Emma Yeager Stevens; and Nathaniel Wells Stevens. The Commissioner of Internal Revenue was named as a defendant but did not appear.

The petitioner appeals from a judgment of a single justice of this court denying his request for relief pursuant to G. L. c. 211, § 3.[1] The case is before us on the petitioner's memorandum and appendix that he filed under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm.

On its face, rule 2:21 does not apply here because the trial court ruling that was the subject of the petitioner's G. L. c. 211, § 3, petition — a judgment of dismissal of the petitioner's civil action in the Superior Court — was not an interlocutory ruling. It is perfectly clear from the petitioner's memorandum and appendix, however, that he cannot demonstrate the absence of adequate alternative remedies, and, therefore, the single justice was correct in denying extraordinary relief under G. L. c. 211, § 3. The Superior Court's judgment of dismissal was appealable as a matter of right to the Appeals Court. The petitioner has not shown that a direct appeal would be inadequate in any significant respect. See *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jason Sterling*, pro se.


---

[1] The petitioner's pleading in the county court requested "leave to appeal" from a judgment in the Superior Court dismissing his complaint in an underlying civil action. He cited both Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996), and G. L. c. 211, § 3, as bases for the relief sought. Rule 15 (a) (1) applies in criminal cases only and does not apply here.

