*Robert Aldrich*, pro se.

PETER A. GIANOPOULOS, JR. *vs.* CLERK-MAGISTRATE OF THE ATTLEBORO DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1] February 14, 2006. *Supreme Judicial Court,* Appeal from order of single justice.

Peter A. Gianopoulos, Jr. (petitioner) appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211,

---

[1]The assistant clerk-magistrate and two judges of that court; Richard H. Sadowski; David T. Keenan; Magdelana Loret; Bernard Marcus; Arthur Blank; Kenneth Langone; Patrick Farrah; Robert Nardelli; Home Depot, U.S.A., Inc.; G.A.B. Robbins.

§ 3. The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm.

The petitioner commenced a personal injury action against Home Depot, U.S.A., Inc., in connection with an alleged fork lift accident. A judge in the District Court dismissed the action, owing to the plaintiff's failure to appear for a pretrial conference. The petitioner sought postjudgment relief in the trial court, to no avail. He also unsuccessfully sought relief in the nature of mandamus under G. L. c. 249, § 5.

Thereafter, he filed a petition in the county court seeking the same relief he had sought in the trial court. He also made vague claims that certain judges and other court employees had shown bias against him in the handling of the case, and that defense counsel had behaved unethically. In connection with those claims, he sought removal of the judges and other court employees from their positions, disbarment of the defense attorneys, and prosecution of certain parties. The single justice denied the petition without a hearing.

Rule 2:21 does not technically apply here because the focus of the petitioner's concern is the dismissal of his civil action in the District Court — a final rather than interlocutory ruling. It is nonetheless inescapable from the petitioner's rule 2:21 memorandum and appendix that he cannot show the absence of an adequate alternative remedy, and so the single justice neither abused her discretion nor otherwise erred in denying him relief under G. L. c. 211, § 3. The petitioner has made no claim that he cannot adequately obtain review of the dismissal of his personal injury action (and, to the extent relevant to that dismissal, his claims of court personnel bias and attorney misconduct) on direct appeal. In fact, the District Court docket shows that the petitioner filed a timely notice of appeal from that dismissal. Accordingly, neither relief under G. L. c. 211, § 3, nor in the nature of mandamus is available to the petitioner. See *Sterling* v. *Delmonico*, 443 Mass. 1018 (2005) (relief under G. L. c. 211, § 3, properly denied where petitioner could have directly appealed from dismissal of his complaint); *Gouin* v. *Gouin*, 435 Mass. 1003, 1004 (2001) (relief in nature of mandamus granted only where no alternative remedy exists). See also *Sabree* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 437 Mass. 1015, 1016 (2002) (mandamus relief unavailable to review judgment of judicial officer). As for the petitioner's requests for removal of judges and certain court employees, disbarment of defense counsel, and prosecution of certain parties, those matters are not proper subjects for a petition pursuant to G. L. c. 211, § 3. With respect to the removal of a clerk of court, see *Matter of Dugan*, 418 Mass. 185 (1994), nothing in the record suggests such action is warranted.

*Judgment affirmed.*

*Peter A. Gianopoulos, Jr.*, pro se, submitted a brief.