LAWRENCE WATSON *vs.* SHERRY WALKER & others (and five consolidated cases). October 16, 2006. *Supreme Judicial Court,* Appeal from order of single justice.

Lawrence Watson filed six petitions seeking relief in the nature of certiorari and for superintendence by this court, pursuant to G. L. c. 211, § 3. Each petition arises out of a failed fifteen-month relationship between Watson and Sherry Walker, and concerns either the custody, support, and visitation of a child who was born to them, or allegations of abusive and criminal conduct. The petitioner alleges that various child support, visitation, and custody orders were improperly entered; that certain criminal charges against Walker were wrongfully dismissed with the Commonwealth's agreement; that he wrongfully was denied an extension of a G. L. c. 209A order against Walker; and that Walker's G. L. c. 209A order against him was entered improperly and wrongfully extended. Single justices of this court treated each petition as a G. L. c. 211, § 3, petition, and denied relief. We affirm.

Our review of a single justice's denial of relief under G. L. c. 211, § 3, is limited to determining whether there was an abuse of discretion or other error of law. *Marides* v. *Rossi,* 446 Mass. 1007, 1007 (2006). *Restucci* v. *Appeals Court,* 442 Mass. 1031, 1032 (2004). In these cases, the petitioner has not alleged, much less demonstrated, any such error, and the judgments may be affirmed on that basis alone. *Dowd* v. *Dedham,* 440 Mass. 1007, 1008 (2003). Moreover, extraordinary relief under G. L. c. 211, § 3, is available only on a record demonstrating both a substantial claim of violation of a substantive right, and that the violation was not remediable by adequate alternative means. E.g., *Hunt* v. *Appeals Court,* 441 Mass. 1011, 1012 (2004). The petitioner has failed to meet his burden in either respect.

First, with respect to the petitioner's allegations concerning child support, visitation, and custody orders and proceedings, including a related contempt order, to the extent the petitioner was aggrieved by any of those orders, or any perceived irregularity in the Probate and Family Court proceedings, including alleged perjury by Walker and her counsel, and improper conduct by persons not party to these cases, he "has not demonstrated, or even argued, that review of the trial court decision[s] after trial and final judgment will not adequately protect his interests." *Sarno* v. *Sarno,* 422 Mass. 1001, 1001 (1996). See *Gianopoulos* v. *Clerk-Magistrate of the Attleboro Div. of the Dist. Court Dep't,* 446 Mass. 1002, 1003 (2006) ("As for the petitioner's requests for removal of judges and certain court employees, disbarment of defense counsel, and prosecution of certain parties, those matters are not proper subjects for a petition pursuant to G. L. c. 211, § 3").

Second, with respect to the dismissal of criminal charges against Walker, as the single justice noted, the decision whether to prosecute a defendant rests with the executive branch, not the judicial branch. See *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't,* 435 Mass. 136, 143 & n.9 (2001). Although the petitioner claims that there were procedural irregularities associated with the trial judge's dismissal of the criminal complaints and denial of

certain motions, and the Commonwealth's decision not to prosecute Walker, and also alleges that his constitutional and civil rights have been violated, and seeks an investigation and discipline of those involved, including persons not party to these proceedings, a "citizen complainant has no substantive entitlements" to require the Commonwealth "to pursue a criminal prosecution."[1] *Id.* at 142-143. See *Gianopoulos* v. *Clerk-Magistrate of the Attleboro Div. of the Dist. Court Dep't, supra.* The petitioner has not, accordingly, demonstrated a substantial violation of a substantive right.

Third, with respect to allegations of error in the issuance, extension, or termination of the G. L. c. 209A orders, it is settled that "review of orders pursuant to G. L. c. 209A should not be initiated by petition under G. L. c. 211, § 3, but rather by the filing of an appeal in the Appeals Court." *Zullo* v. *Goguen,* 423 Mass. 679, 681 (1996). See *Iamele* v. *Asselin,* 444 Mass. 734, 739 (2005) (extension of G. L. c. 209A order need not be predicated on new incidents of abuse); *Lantsman* v. *Lantsman,* 429 Mass. 1018 (1999). Moreover, the record before the single justice does not establish that a G. L. c. 209A order was entered against Walker, and the petitioner has not demonstrated error in the denial of his application.[2] Denial of relief pursuant to G. L. c. 211, § 3, was warranted.

Because the petitioner has failed either to allege or to demonstrate that there was error in the denial of his petitions, we affirm the judgments of the single justices.

*Judgments affirmed.*

*Lawrence Watson,* pro se.
*David A. Kluft* for Sherry Walker.

---

[1]The petitioner also has filed a motion for a writ of mandamus, seeking an order requiring the District Court to permit him to file criminal complaints against Walker for malicious destruction of property, a change of venue, and other relief. Although the petitioner alleges that he attempted to file criminal complaints and was denied the right to do so, his allegations are not supported by citation to the record. While the petitioner is entitled to file applications for the issuance of criminal complaints, *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't,* 435 Mass. 136, 137 n.1 (2001), he is not entitled to the relief requested.

[2]The petitioner also has filed a motion for a writ of mandamus, seeking an order declaring him to be indigent, and requiring the District Court to maintain recordings of certain hearings in that court, to provide him copies of those recordings and all documents filed in the underlying action, and for other injunctive relief. "[R]elief in the nature of mandamus is granted only to prevent a failure of justice where there is no alternative remedy, an aspect the petitioner has not established." *Gouin* v. *Gouin,* 435 Mass. 1003, 1004 (2001). Indeed, with respect to the petitioner's alleged indigency, the petitioner appears to have pursued the judge's denial of his application for waiver of costs. The petitioner's motion is denied.