BARRY H. SPENCER, JR. vs. BEACON HILL HOTEL. March 23, 2007. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

Barry H. Spencer, Jr., appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

While jailed on certain criminal charges, Spencer commenced a civil action in the Superior Court against the Beacon Hill Hotel. He moved to waive the filing fee and proceed in forma pauperis. A judge, after reviewing Spencer's affidavit of indigency and statement of his inmate account, ordered that Spencer pay a reduced fee of fifty dollars to proceed with his case. Spencer was to pay the fee by a certain date. When Spencer failed to pay the fee, the judge dismissed the case. Spencer unsuccessfully moved for relief from that judgment. He then sought from a single justice of the Appeals Court leave to file late a notice of appeal from the denial of his request to waive the Superior Court filing fee. He also sought relief from the dismissal of his case. The single justice of the Appeals Court denied his requests.[1] Next, Spencer filed a petition in the county court (which was treated as a G. L. c. 211, § 3, petition) seeking an order vacating the dismissal of his Superior Court action. The single justice denied the petition without a hearing.

Before us is Spencer's "memorandum of law," which we treat as filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because he is not challenging an interlocutory ruling of the trial court — his case having been dismissed — rule 2:21 does not strictly apply. In any event, Spencer cannot demonstrate that he lacked an adequate alternative to relief under G. L. c. 211, § 3. See *Sterling* v. *Delmonico,* 443 Mass. 1018, 1019 (2005); *Hurley* v. *Superior Court Dep't of the Trial Court,* 424 Mass. 1008 (1997).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barry H. Spencer, Jr.,* pro se.

---

[1]The Appeals Court single justice concluded that she "has no authority to override the statutory requirement of G. L. c. 261, § 27D, that the denial of a request for waiver of court costs must be appealed within seven days. Nor does the single justice have the authority to vacate the dismissal of the complaint."