*Moshe Rothman,* pro se.

*Brooks L. Glahn,* for the defendant, submitted a brief.

LAWRENCE WATSON *vs.* APPEALS COURT.[1] March 26, 2008. *Supreme Judicial Court,* Appeal from order of single justice.

Since at least 2004, the petitioner, Lawrence Watson, has been a frequent litigant in the Massachusetts appellate courts. See, e.g., *Watson* v. *Walker,* 447 Mass. 1014, 1015 (2006). This appeal, like others that preceded it, has its roots in the petitioner's challenge to a G. L. c. 209A order that was entered

---

[1]The real party in interest, Sherry Walker, was not named as a respondent in this case, as she should have been. S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

against him in the District Court. On December 14, 2006, the District Court assembled the record for his appeal from that order, and the appeal subsequently was entered in the Appeals Court. Walker *vs.* Watson, Appeals Court No. 2006-P-1945. The petitioner's requests in the Appeals Court to file fewer briefs than the appellate rules require was denied by that court, as were his motions for discovery, to extend for a second time the date for filing his brief, and for other interlocutory relief; his appeals from those rulings were consolidated with the underlying appeal from the G. L. c. 209A order. After notice, on June 20, 2007, the Appeals Court dismissed the appeal pursuant to its standing order concerning dismissal of appeals for lack of prosecution.[2]

On June 22, 2007, the petitioner filed a petition, pursuant to G. L. c. 211, § 3, in the county court challenging the dismissal of Appeals Court No. 2006-P-1945, as well as the denial of his various motions filed in that court. A single justice of this court denied the petition without a hearing, and the petitioner appealed. We affirm.

The single justice properly denied relief under G. L. c. 211, § 3, because adequate alternative remedies were available. See *Watson* v. *Walker, supra* at 1014; *Rasheed* v. *Appeals Court*, 434 Mass. 1012, 1013 (2001). When the Appeals Court dismissed his appeal, the petitioner could have, pursuant to the terms of the standing order governing dismissals for lack of prosecution, sought relief (reinstatement of the appeal) from a single justice of that court. See Appeals Court Standing Order Concerning Dismissal of Appeals and Reports in All Cases for Lack of Prosecution. He also could have sought further appellate review of that dismissal pursuant to Mass. R. A. P. 27.1 (a), as amended, 367 Mass. 920 (1975). *Rasheed* v. *Appeals Court, supra.* We therefore discern no error in our single justice's denial of extraordinary relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*Lawrence Watson*, pro se.

*Annapurna Balakrishna*, Assistant Attorney General, for the defendant.

---

[2]On July 30, 2007, the petitioner filed a notice of appeal from the order of dismissal. Citing *Rasheed* v. *Appeals Court*, 434 Mass. 1012 (2001), the Appeals Court ruled that no action was necessary. The petitioner did not file an application for further appellate review. See *id.* at 1013.