LAWRENCE WATSON *vs.* SHERRY WALKER & others.[1] October 30, 2009. *Supreme Judicial Court,* Appeal from order of single justice.

Lawrence Watson appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3.[2] Watson seeks relief from a decision of the Appeals Court affirming a final judgment of the Probate and Family Court. *L.W.* v. *S.W.*, 68 Mass. App. Ct. 1112 (2007). Watson had an opportunity to apply for, and did apply for, further appellate review, which was denied. *L.W.* v. *S.W.*, 449 Mass. 1107 (2007). Watson has not shown that appellate review of the Probate and Family Court's decision was inadequate in any way to protect his interests. He thus was not entitled to extraordinary relief from a single justice of this court. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005). The single justice did not err or abuse his discretion by denying relief.[3]

This is the third case we decide today where Watson has appealed from judgments of single justices denying extraordinary relief. See *Watson* v. *McClerkin, ante* 1002 (2009); *Watson* v. *Police Dep't of Boston, ante* 1003 (2009). Watson has frequently appeared before this court in recent years in pursuit of such appeals. See *Watson* v. *Clerk-Magistrate of the Dorchester Div. of the Dist. Court Dep't*, 452 Mass. 1025 (2008); *Watson* v. *Justices of the Dorchester Div. of the Dist. Court Dep't*, 452 Mass. 1025 (2008); *Watson*

---

[1]A judge in the Probate and Family Court, the register of the Probate and Family Court, and various Probate and Family Court employees.

[2]Watson's petition also referred to G. L. c. 249, § 4 (relief in the nature of certiorari), and G. L. c. 249, § 5 (relief in the nature of mandamus). The single justice correctly treated the petition as one for relief pursuant to G. L. c. 211, § 3. Watson has not challenged that approach on appeal.

[3]Similarly, Watson's claims against the Probate and Family Court register and other Probate and Family Court employees could have been adequately addressed by means other than a petition to this court for extraordinary relief.

v. *Appeals Court,* 450 Mass. 1034 (2008). Indeed, he filed a petition for extraordinary relief at an earlier stage of this case, seeking the same relief he seeks here. *Watson* v. *Walker,* 447 Mass. 1014, 1014 (2006). In several of the prior opinions affirming the denial of relief, we have apprised Watson of these well-settled principles: that extraordinary relief is properly denied where an alleged error can adequately and effectively be remedied through the normal trial and appellate process or by other available means; and that it is a petitioner's burden to create an appropriate record to substantiate his claims and to present adequate appellate argument. Watson is on notice that any future attempt to seek extraordinary relief from this court, pursuant to G. L. c. 211, § 3, or otherwise, that suffers from like deficiencies may result in action by the court, including the restriction or denial of oral argument or, possibly, the restriction of future filings. As to his various additional petitions that are currently pending in the county court, the single justices responsible for those matters may, in their discretion, wish to consider a similar order warning Watson of the possibility of comparable measures.

*Judgment affirmed.*

*Lawrence Watson,* pro se.

*Annapurna Balakrishna,* Assistant Attorney General, for Kathleen Sanford & others, was present but did not argue.