LAWRENCE WATSON *vs.* APPEALS COURT. May 18, 2010. *Supreme Judicial Court,* Superintendence of inferior courts.

Lawrence Watson (petitioner) appeals from three judgments of a single justice of this court denying his petitions for relief pursuant to G. L. c. 211, § 3. In his petitions, he claimed that an appeal decided by the Appeals Court adversely to him, see *Walker* v. *Watson*, 72 Mass. App. Ct. 1110 (2008), was flawed because each of the three Justices on the panel that decided the appeal had misstated facts and misapplied the law and, in so doing, had engaged in judicial misconduct. The single justice neither abused her discretion nor otherwise erred in denying the petitions because the petitioner, who had applied unsuccessfully for further appellate review, see *Walker* v. *Watson*, 452 Mass. 1106 (2008), failed to show he lacked an adequate alternative to relief under G. L. c. 211, § 3. See *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005) (exercise of extraordinary superintendence power not "a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course"). See also *Watson* v. *Walker*, 455 Mass. 1004, 1004 (2009). He also failed to provide any measure of record support for his claims of judicial misconduct against the Justices who decided his appeal, or against the single justice of this court. See *Fogarty* v. *Commonwealth*, 406 Mass. 103, 106-107 (1989), quoting *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980) ("Clearly . . . an unsupported charge of . . . judicial misconduct fail[s] to demonstrate a 'substantial claim . . .' necessary to justify the extraordinary relief of G. L. c. 211, § 3").

---

In an unrelated appeal, we warned the petitioner about possible sanctions were he to continue to pursue petitions for extraordinary relief that fail to satisfy the basic requirements for justifying such relief: showing the absence of an adequate alternative remedy, providing record support to substantiate his claims, and presenting proper appellate argument. See *Watson* v. *Walker, supra* at 1005. Although the petitions in this case predated that warning, we remind him of that warning because the petitions here suffer from deficiencies in those same basic requirements.

*Judgments affirmed.*

*Lawrence Watson*, pro se.

*Annapurna Balakrishna*, Assistant Attorney General, for the defendant, submitted a brief.