LAWRENCE WATSON *vs.* A JUSTICE OF THE BOSTON DIVISION OF THE HOUSING COURT DEPARTMENT. LAWRENCE WATSON *vs.* SHERRY WALKER & others. LAWRENCE WATSON *vs.* SHERRY WALKER & others. LAWRENCE WATSON *vs.* A JUSTICE OF THE SUFFOLK DIVISION OF THE PROBATE AND FAMILY COURT DEPARTMENT. LAWRENCE WATSON *vs.* FIVE JUSTICES OF THE DORCHESTER DIVISION OF THE BOSTON MUNICIPAL COURT DEPARTMENT & others. January 11, 2011. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

We have before us today five appeals brought by Lawrence Watson from five separate judgments of single justices of this court. In each case, Watson commenced an action in the county court asking for the extraordinary remedy of general superintendence relief, pursuant to G. L. c. 211, § 3, from an adverse ruling or rulings in the trial court, and in each case the single justice denied relief without a hearing. We have scrutinized the record in each case and have thoroughly considered Watson's arguments on appeal. There is no merit to any of the appeals. The single justices did not err or abuse their discretion in denying the various requests for extraordinary relief. It is well settled that this court will not disturb a single justice's decision on appeal absent clear error of law or abuse of discretion.

Watson has been a frequent litigant in this court and the county court in recent years. In the full court alone, not including the five appeals that are currently before us, we have already decided sixteen appeals in four years,

each of which sought full court review of single justice denials of his petitions for extraordinary relief. In each instance we affirmed the single justice's ruling.[1] All of these cases were meritless. All of the petitions and appeals failed for the same reasons, i.e., because Watson had available to him adequate alternative remedies, because he had failed to provide a record substantiating his allegations and supporting his claims, or both.[2] Our decisions informed him repeatedly of his obligations in this regard as a petitioner for extraordinary relief. In *Watson* v. *Walker*, 455 Mass. 1004 (2009), we also forewarned him of the consequences if he persisted in filing petitions for extraordinary relief, and appeals from the denials of such petitions, that violated these fundamental principles, stating:

> "This is the third case we decide today where Watson has appealed from judgments of single justices denying extraordinary relief. . . . Watson has frequently appeared before this court in recent years in pursuit of such appeals. . . . Indeed, he filed a petition for extraordinary relief at an earlier stage of this case seeking the same relief he seeks here. . . . In several of the prior opinions affirming the denial of relief, we have apprised Watson of these well-settled principles: that extraordinary relief is properly denied where an alleged error can adequately and effectively be remedied through the normal trial and appellate process or by other available means; and that it is a petitioner's burden to create an appropriate record to substantiate his claims and to present adequate appellate argument. Watson is on notice that any future attempt to seek extraordinary relief from this court, pursuant to G. L. c. 211, § 3, or otherwise, that suffers from like deficiencies may result in action by the court, including the restriction or denial of oral argument or, possibly, the restriction of future filings. As to his various additional petitions that are currently pending in the county court, the single justices responsible for those matters may, in their discretion, wish to consider a similar order warning Watson of the possibility of comparable measures." (Citations omitted.)

*Id.* at 1004-1005. In four of the five cases that are before us today, the single

---

[1]See *Watson* v. *Appeals Court*, 456 Mass. 1027 (2010) (three cases); *Watson* v. *Walker*, 455 Mass. 1004 (2009); *Watson* v. *Police Dep't of Boston*, 455 Mass. 1003 (2009); *Watson* v. *McClerkin*, 455 Mass. 1002 (2009); *Watson* v. *Clerk-Magistrate of the Dorchester Div. of the Dist. Court Dep't*, 453 Mass. 1007 (2009); *Watson* v. *Clerk-Magistrate of the Dorchester Div. of the Dist. Court Dep't*, 452 Mass. 1025 (2008); *Watson* v. *Justices of the Dorchester Div. of the Dist. Court Dep't*, 452 Mass. 1025 (2008); *Watson* v. *Appeals Court*, 450 Mass. 1034 (2008); and *Watson* v. *Walker*, 447 Mass. 1014 (2006) (six cases).

In addition to these sixteen appeals, there were five other appeals entered in the full court that were eventually dismissed for lack of prosecution. See Lawrence Watson *vs.* Appeals Court & others, SJC-10666 (June 29, 2010) (two consolidated cases); Lawrence Watson *vs.* Suffolk Div. of the Probate and Family Court, SJC-10264 (Nov. 5, 2008); Lawrence Watson *vs.* Sherry Walker, SJC- 09712 (Oct. 27, 2006); and Lawrence Watson *vs.* Suffolk Div. of the Probate and Family Court, SJC-09713 (Sept. 29, 2006). He has also filed other petitions in the county court that did not result in perfected appeals.

[2]Several of the petitions also sought repetitive relief and suffered from assorted other defects. Most of the petitions stem from the same two or three underlying cases in the trial court.

justice also forewarned Watson in similar terms.[3] Notwithstanding these warn-
ings, Watson filed notices of appeal and pressed forward with today's cases,
all of which suffer from the same deficiencies as the prior cases.

The repetitive filing of groundless petitions for extraordinary relief and ap-
peals like these unnecessarily consumes the court's limited resources. The
added measure we take today is therefore intended to prevent Watson from
further abusing the system.

The judgments of the single justices denying Watson's petitions in these
cases are affirmed. The clerk of this court for Suffolk County and the clerk for
the Commonwealth are instructed not to accept any new petition or appeal
from this petitioner that seeks extraordinary relief, by way of G. L. c. 211,
§ 3, or otherwise, unless it is accompanied by a motion for leave to file, and
shall not docket the petition or appeal unless and until the full court grants the
motion on making a preliminary determination that the petitioner has no other
adequate remedy and that he has furnished the court with a record that substanti-
ates his claims.[4] See, e.g., *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1002, cert.
denied, 525 U.S. 1003 (1998); *Camoscio* v. *Board of Registration in Podiatry*,
408 Mass. 1001, 1002 (1990). To be clear, we have not said in any of our
opinions to date, and do not conclude in this opinion, that there is no merit to
the petitioner's substantive claims or defenses in the underlying cases in the
trial court and in the Appeals Court. His claims and defenses can be, and in
many respects already have been, adjudicated in the normal course of trial and
appeal in those courts. We conclude only that his numerous attempts to invoke
extraordinary forms of relief from this court — primarily, but not limited to,
general superintendence relief pursuant to G. L. c. 211, § 3 — have been
consistently devoid of merit for the reasons stated.

*So ordered.*

*Lawrence Watson*, pro se.

*Annapurna Balakrishna*, Assistant Attorney General, for a Justice of the
Boston Division of the Housing Court Department & others.


---

[3]The fifth case was decided by a single justice before our decision in *Watson* v. *Walker*,
455 Mass. 1004 (2009). Watson's notice of appeal was filed, and the appeal was entered
in the full court, after our decision.

[4]In seeking leave to file a new petition or appeal, Watson will also be required to
demonstrate to the satisfaction of the court that the proper parties have been named (see
S.J.C. Rule 2:22, 422 Mass. 1302 [1996]); that proper service has been or will be made;
in the case of an appeal, that the appeal is timely; and he shall indicate whether any ap-
peal is subject to the provisions of S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).

