**1032 The petitioner, Christopher Blackwell, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
In 2011, Blackwell pleaded guilty to multiple criminal charges in the Superior Court. More than six years later, he filed a petition in the county court pursuant to G. L. c. 211, § 3, alleging that certain evidence relating to the charges could have and should have been suppressed. He claims that his counsel advised him at the time that a motion to suppress the evidence would not have been successful; that he was unaware that a motion to suppress was in fact filed; that he was not present at an evidentiary hearing on the motion; and that he was not properly advised before pleading guilty that interlocutory review of the denial of a motion to suppress was possible. The single justice denied the petition without a hearing. He also denied Blackwell's request for reconsideration.
A request to exercise the court's extraordinary power of general superintendence under G. L. c. 211, § 3, is properly denied where the petitioner has an adequate alternative remedy. See McMenimen v. Passatempo, 452 Mass. 178, 184-185, 892 N.E.2d 287 (2008). See also Gorod v. Tabachnick, 428 Mass. 1001, 1001, 696 N.E.2d 547, cert. denied, 525 U.S. 1003, 119 S.Ct. 514, 142 L.Ed.2d 426 (1998). The single justice correctly denied relief in this case because Blackwell had an adequate alternative remedy. He could have raised his claims, and sought to withdraw his pleas on the basis of those claims, by filing a motion for a new trial in the Superior Court under Mass. R. Crim. P. 30(b), as appearing in 435 Mass. 1501 (2001), and by appealing to the Appeals Court from any adverse ruling on such a motion. See Commonwealth v. Huot, 380 Mass. 403, 406, 403 N.E.2d 411 (1980) ("A motion for new trial is the appropriate device for attacking the validity of a guilty plea"); Commonwealth v. Chetwynde, 31 Mass. App. Ct. 8, 574 N.E.2d 407 (1991) (addressing issues associated with suppression motion, including allegedly improper advice of counsel, on appeal from denial of motion seeking to withdraw guilty plea).