NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13392

IMRE KIFOR  vs.  COMMONWEALTH & others.[1]


May 16, 2023.


Supreme Judicial Court, Superintendence of inferior courts.


Imre Kifor appeals from a judgment of the county court denying, without a hearing, his petition for relief under G. L. c. 211, § 3.  We affirm the judgment.

Kifor has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule applies "[w]hen a single justice denies relief from a challenged interlocutory ruling in the trial court."  S.J.C. Rule 2:21 (1).  As far as we are able to discern, Kifor is not challenging any particular interlocutory ruling of the trial court.  Regardless of whether rule 2:21 technically applies, however, it is clear on the record before us that the single justice neither erred nor abused his discretion by denying relief.

Relief under G. L. c. 211, § 3, is extraordinary, and no party should expect that we will exercise our superintendent power lightly.  Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019).  "The single justice is not required to become involved if the petitioner has an adequate alternative remedy or if the single justice determines, in his or her discretion, that the subject of the petition is not sufficiently important and extraordinary as to require general superintendence intervention."  Id.  It was incumbent on Kifor, as the party seeking to invoke G. L. c. 211, § 3, "not merely to allege but

_____

[1] Governor, Attorney General, Commissioner of Revenue, and Middlesex Division of the Probate and Family Court Department.

to demonstrate . . . both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial or by other available means."  Care & Protection of a Minor, 478 Mass. 1015, 1015 (2017), quoting Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998).  In his petition, Kifor alleged that a number of State actors, namely, the Commonwealth, the Governor, the Attorney General, the Commissioner of Revenue, and the Probate and Family Court, have been engaged in "deliberately child-predatory and subversionary public nuisance activities" in furtherance of a conspiracy against him.  However, he did not allege, much less substantiate, any particular such activities by any of these parties.  Rather, he appeared to complain that the Probate and Family Court failed to act on certain motions for costs that he filed.[2]  He did not, however, demonstrate that he had taken all available steps to obtain rulings on his motions.  See, e.g., Matthews v. D'Arcy, 425 Mass. 1021, 1022 (1997).  In these circumstances, the single justice was not obligated to exercise the court's superintendent power to become involved in the matter.

This is the fourth case before the full court in which Kifor has sought some form of extraordinary relief, all seeking to have this court intervene in the litigation between him and the mothers of his children.  See Kifor v. Commonwealth, 491 Mass. 1002 (2022); Kifor v. Commonwealth (No. 2), 490 Mass. 1019 (2022); Kifor v. Commonwealth (No. 1), 490 Mass. 1003 (2022).  We are also aware of two additional such petitions that were denied by a single justice without appeals, and yet another that was denied by a single justice with an appeal now pending in this court.  We have warned Kifor that further baseless attempts to obtain extraordinary relief could result in the imposition of sanctions.  Kifor, 491 Mass. at 1002.  As we said in Watson v. Justice of the Boston Div. of the Hous. Court Dep't, 458 Mass. 1025, 1027 (2011), "[t]he repetitive filing of groundless petitions for extraordinary relief and appeals like these unnecessarily consumes the court's limited resources."  Accordingly, today we are taking measures intended to prevent Kifor from further abusing the system.

---

[2] He did so without naming his children's mothers as respondents as required by S.J.C. Rule 2:22, 422 Mass. 1302 (1996) ("Any petition seeking to invoke the general superintendency power of the court pursuant to G. L. c. 211, § 3, shall name as respondents and make service upon all parties to the proceeding before the lower court . . .").  This presents a further reason not to disturb the single justice's decision.

The judgment of the single justice is affirmed.  The clerk of this court for Suffolk County and the clerk for the Commonwealth are instructed not to accept any new petition or appeal from this petitioner that seeks extraordinary relief, by way of G. L. c. 211, § 3, or otherwise, unless it is accompanied by a motion for leave to file, and shall not docket the petition or appeal unless and until the full court grants the motion on making a preliminary determination that the petitioner has no other adequate remedy and that he has furnished the court with a record that substantiates his claims.  Cf. Watson, 458 Mass. at 1027, and cases cited.

So ordered.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Imre Kifor, pro se.