NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13349

KELECHI LINARDON  vs.  JOHNNY GOMES & another.[1]

January 19, 2024.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Kelechi Linardon, appeals from a judgment
of a single justice of this court denying her petition pursuant
to G. L. c. 211, § 3.  We affirm.

As best we can discern from the limited record before us,
Linardon filed an application for a criminal complaint in the
Dorchester Division of the Boston Municipal Court Department,
claiming that the respondents stole her car.  She then filed a
motion for a change of venue.  A clerk-magistrate denied the
motion, but, according to Linardon, he did so after initially
recusing himself from the matter due to a conflict of interest.[2]
Linardon appealed from the denial of the motion, and that appeal
was entered in the Appeals Court on April 19, 2022.  On June 24,
2022, after the court had issued a notice preceding dismissal,
Linardon filed two motions:  a motion to "compel the lower court
to send the case file . . . to the Appeals Court," and a motion
for the Appeals Court to transfer the appeal to a single justice
of this court.  A single justice in the Appeals Court denied
both motions, essentially on the basis that the court lacked

---

[1] Terry Mercury.

[2] Notwithstanding Linardon's claims regarding the clerk-
magistrate, the record before us is devoid of any information
regarding the purported recusal -- e.g., any record that the
clerk-magistrate did recuse himself -- other than Linardon's own
statements on that point.

jurisdiction over the matter.[3]

Shortly thereafter, on July 11, 2022, Linardon filed her G. L. c. 211, § 3, petition in the county court. In the petition, Linardon asked the court to review the clerk-magistrate's denial of the motion for a change of venue. She argued that the clerk-magistrate "violated the laws," and although the basis for this argument is not entirely clear, it appears to stem from Linardon's claims regarding the clerk-magistrate's recusing himself from the case but then nevertheless ruling on the change of venue motion. The single justice denied both the petition and Linardon's subsequent motion for clarification.[4]

In her appeal to this court, Linardon raises two issues: (1) that, as to the underlying merits of the petition, the clerk-magistrate improperly ruled on the change of venue motion after having recused himself from the matter; and (2) that the single justice erred in denying the G. L. c. 211, § 3, petition on the basis that the petition did not present an extraordinary circumstance warranting review.[5] Linardon's argument regarding G. L. c. 211, § 3, however is, essentially, an argument on the underlying merits. That is, Linardon argues that her case presents an extraordinary circumstance because it involves her application for a criminal complaint against two individuals whom she accuses of stealing her car.

---

[3] In denying the motion to transfer, the judge noted that whether this court has jurisdiction pursuant to G. L. c. 211, § 3, is a matter best left to a single justice of this court to decide.

[4] The single justice denied Linardon's petition on August 26, 2022, and the motion for clarification on October 3, 2022. Linardon filed a notice of appeal from the single justice's judgment on November 8, 2022, and the appeal was entered in this court on November 9, 2022. In April 2023, this court issued a notice preceding dismissal. Linardon then asked for and received an extension of time to file her brief, which she then filed on August 25, 2023.

[5] Although Linardon styles her pleading in this court as an application for further appellate review pursuant to Mass. R. A. P. 27.1, that rule does not apply here, where she is appealing from a judgment of the single justice on a petition filed pursuant to G. L. c. 211, § 3.

In a case such as this, where "the single justice exercises discretion not to reach the merits of a petition, the appeal to the full court 'is strictly limited to a review of that ruling,' Commonwealth v. Samuels, 456 Mass. 1025, 1027 n.1 (2010), and the full court asks only whether the single justice abused his or her discretion in making that decision."  Commonwealth v. Rodriguez, 484 Mass. 1047, 1049 (2020).  This is not the first time that Linardon has sought relief in this court, and she thus should be well aware of the requirements and parameters of G. L. c. 211, § 3.  See Linardon v. WoodSpring Suites Boston MA Saugus, LLC, 490 Mass. 1006 (2022); Linardon v. Secretary of Hous. & Economic Dev., 490 Mass. 1005 (2022); Linardon v. Boston Hous. Auth., 487 Mass. 1006 (2021); Linardon v. United States Dep't of Hous. & Urban Dev., 485 Mass. 1005 (2020).  Linardon, however, nowhere addresses the issue of adequate alternative remedy, e.g., why the denial of the change of venue motion could not be raised at the conclusion of the trial court proceedings rather than at the interlocutory stage at which Linardon has raised them.

Moreover, in seeking relief under G. L. c. 211, § 3, it was Linardon's burden "to create a record -- not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [her] allegations -- showing both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means."  Linardon v. Boston Hous. Auth., 487 Mass. at 1007, quoting Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied sub nom. Davis v. Tabachnick, 525 U.S. 1003 (1998).  She has not done that here, where, for example, although she claims that the clerk-magistrate recused himself, there is nothing in the record, such as a docket entry or ruling, that reflects this.

The single justice was well within her authority in declining to employ this court's extraordinary power of general superintendence in the circumstances and on the record presented.

Judgment affirmed.

The case was submitted on briefs.
Kelechi Linardon, pro se.